[Crim. No. 5402. Fifth Dist. June 15, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID WAYNE MARSH, Defendant and Appellant.

810

COUNSEL

Renee H. Hoffman, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Joel Carey and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ANDREEN, J.—On June 18, 1980, pursuant to a search warrant, defendant's residence was searched, netting 25 marijuana plants, pills, marijuana seeds and paraphernalia.

Although we do not have the record of the proceedings before the magistrate, from the transcripts of the hearings before the superior court it appears that the case was referred to the probation office for a recommendation regarding diversion pursuant to Penal Code section 1000. The section applies if the cultivation of marijuana is for personal use and the defendant has had no prior felony conviction within five years prior to the commission of the charged offense. The probation office reported that the case could not be diverted because the defendant suffered a conviction for receiving stolen property on September 8, 1975, some four years and nine months before the commission of the instant offense. Based upon this, the magistrate declined to divert.

On October 6, 1980, an information was filed charging defendant in count one with cultivation of marijuana (Health & Saf. Code, § 11358), and in count two with possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)).

Pursuant to a plea bargain defendant pleaded guilty to count one, upon the condition that count two would be dismissed at the time of sentencing. The matter was referred to the probation department and a hearing was set for December 30, 1980.

Subsequently, and before sentencing, defense counsel (the public defender) moved to be relieved as counsel due to his belief he had inadequately represented defendant in this matter. He asserted that his office had inadequately represented defendant because the receiving stolen property conviction was a "wobbler" (punishable either as a felony or a misdemeanor), and it could have been reduced to a misdemeanor by re-

quest to the court under section 17, subdivision (b)(3) of the Penal Code. It was argued that had it been so reduced, appellant would have been eligible for diversion. The court thereupon appointed different counsel. Defendant's new counsel then filed a motion to withdraw the guilty plea. The motion was denied and defendant was sentenced.

The record reflects that defendant was granted probation on his 1975 conviction of receiving stolen property, and successfully completed probation—in fact he did so well that probation was terminated early.

Penal Code section 17 differentiates felonies from misdemeanors and enumerates the circumstances wherein offenses otherwise considered felonies may be reduced to misdemeanors. Subdivision (b)(3) of section 17 provides that a wobbler may be reduced to a misdemeanor if at any time "thereafter" the court declares the offense to be a misdemeanor. This court has interpreted "thereafter" to mean an open-ended period of time, "not [to] be unduly restricted to the probationary period." (*Meyer v. Superior Court* (1966) 247 Cal.App.2d 133, 140 [55 Cal.Rptr. 350].) Thus, appellant's 1975 section 496 felony conviction could have been reduced to a misdemeanor before appellant was sentenced on the 1980 marijuana charges had the motion been made and the court had been inclined to do so.

■ The crucial question in this case is whether a reduction of the wobbler to a misdemeanor would have related back to the time of the commission of the instant offense for purposes of determining eligibility for diversion.

In determining this question, we are assisted by the holding in *People v. Holzer* (1972) 25 Cal.App.3d 456 [102 Cal.Rptr. 11]. In *Holzer*, the defendant pleaded guilty to a drug offense wobbler in 1968 and was given probation. In 1969 he was found to have violated section 12021, an ex-felon in possession of a firearm. In 1971 he was found in violation of the terms of his 1968 grant of probation on the drug charges (apparently because of the 1969 conviction) and was sentenced to county jail, thus rendering that offense a misdemeanor. It previously had been considered a felony and was the basis for the section 12021 charge.

In 1972 he attacked his conviction for violation of section 12021, arguing that because his drug charge was ultimately reduced to a misde-

meanor by virtue of the county jail sentence, any use of that conviction as a felony must fail. The court rejected his argument noting, "that the offense had not been determined to be a misdemeanor until revocation of defendant's probation, about a year and a half after the [section 12021] offense .... Where an offense is punishable either as felony or as a misdemeanor [*sic*], depending on the sentence imposed, the offense is a felony until the time of sentencing. [Citation.] Thus defendant had pleaded guilty to a felony at the time he was alleged to have been in violation of section 12021, and that the offense was later made a misdemeanor cannot change that fact." (*People* v. *Holzer, supra*, 25 Cal. App.3d at p. 460.)

We believe that the reasoning in *Holzer* applies here. At the time Holzer was found in possession of a firearm, he was an ex-felon. The subsequent sentence to straight time in the county jail, which reduced the offense to a misdemeanor, did not relate back to the time when he was in possession of the firearm.

In defendant's case the critical period for purposes of diversion is the time of the "alleged commission of the charged divertible offense," viz., June 18, 1980, when he was apprehended growing marijuana. Even if appellant had been allowed to have his wobbler for receiving stolen property reduced to a misdemeanor it would not have changed the fact that at the time of the commission of the marijuana offense he had a prior felony conviction within five years. The fact that the offense may have been reduced to a misdemeanor *after* the commission of the marijuana offense should not retroactively render appellant eligible for diversion under Penal Code section 1000.

Any inadequate representation of appellant's counsel did not result in the withdrawal of a potentially meritorious defense, because a subsequent reduction of the wobbler would not have affected appellant's felon status at the time he committed the marijuana offense charged in count one. (*People* v. *Holzer, supra*, 25 Cal.App.3d at p. 460.) Therefore, after consideration of all the relevant factors good cause has not been shown that justice would be furthered by granting the motion to withdraw the guilty plea. (Pen. Code, § 1018; *People* v. *Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 798 [114 Cal.Rptr. 596, 523 P.2d 636].) There is no showing of an abuse of discretion. (*In re Brown* (1973) 9 Cal.3d 679, 685 [108 Cal.Rptr. 801, 511 P.2d 1153].)

The judgment is affirmed.

Franson, Acting P. J., and Morony, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1982.

---

*Assigned by the Chairperson of the Judicial Council.