Filed 3/3/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264110 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA060453-2) |
| v. | |
| JAIMEE J. WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Christopher G. Estes, Judge.  Affirmed.

Brad Kaiserman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

The Safe Neighborhoods and Schools Act, enacted by the voters as Proposition 47 in the November 2014 election, downgrades several felonies and wobblers to misdemeanors and permits persons convicted of those felonies and wobblers to have them redesignated as misdemeanors. (Pen. Code, § 1170.18.)[1] As relevant here, section 667.5, subdivision (b), requires a court to increase any sentence of imprisonment for a felony by one extra year for each of a defendant's prior felony convictions that resulted in a separate term of imprisonment. This case deals with the interaction of these two provisions: When a defendant's sentence for felony no. 2 is enhanced under section 667.5, subdivision (b), for defendant's service of a term of imprisonment on felony no. 1, and when the defendant later has felony no. 1 redesignated as a misdemeanor under Proposition 47, does that redesignation operate retroactively and thereby entitle the defendant to be resentenced on felony no. 2 to eliminate the section 667.5, subdivision (b) enhancement? We conclude that it does not, and accordingly affirm the trial court's order declining to resentence in this case.

## FACTS AND PROCEDURAL BACKGROUND

In September 2013, the People charged Jaimee J. Williams (defendant) and a codefendant with eight crimes, including felony grand theft involving property worth more than $950. (§ 487, subd. (a).)[2] The People further alleged that defendant's 2008 conviction for felony burglary (§ 459) was a "strike" under our state's "Three Strikes" law (§ 1170.12, subds. (a)-(d), § 667, subds. (b)-(j)),[3] and that defendant had served prior prison terms within the meaning of section 667.5, subdivision (b), for that 2008

---

[1]  Unless otherwise noted, all further statutory references are to the Penal Code.

[2]  Defendant was also charged with first-degree burglary (Pen. Code, § 459); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); receiving stolen property (Pen. Code, § 496, subd. (a)); identity theft (Pen. Code, § 530.5, subd. (a)); and three counts of identifying information theft (Pen. Code, § 530.5, subd. (c)(1)).

[3]  The People also alleged defendant's 2008 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)) as a second strike.

conviction as well as for a 2010 Orange County conviction for felony petty theft with a prior (§ 666). Later that month, defendant entered a no contest plea to the felony grand theft count, admitted that her felony burglary conviction constituted a "strike," and admitted that she had served prison terms for her convictions of felony burglary and petty theft with a prior. That same day, the trial court imposed a prison sentence of four years and eight months—32 months for the grand theft conviction (that is, the low-end sentence of 16 months, doubled as a second strike sentence), plus one year for each of the two prior prison sentences. The remaining counts and allegations against her were dismissed.

In March 2015, defendant filed a petition in Orange County Superior Court requesting, under Proposition 47, that her felony petty theft with a prior conviction be reduced from a felony to a misdemeanor. Her petition was granted.

In April 2015, defendant filed a motion seeking to be resentenced in the felony grand theft case on the ground that the redesignation of the petty theft with a prior conviction as a misdemeanor meant it was no longer a prior prison term *for a felony* under section 667.5, subdivision (b); thus, she argued, she was entitled to have her felony grand theft sentence reduced by a year.

The trial court denied the motion. The court reasoned that "the focus of [section] 667.5(b)[] is not on the underlying criminal conduct that resulted in the felony conviction, but on the status of [the] defendant as a recidivist, a repeat offender, showing a pattern of ongoing criminal conduct, despite a prison term." Due to this focus, the redesignation of defendant's petty theft with a prior conviction from a felony to a misdemeanor did not "unravel[] the underlying [section] 667.5(b) punishment," and thus provided no occasion for resentencing.

Defendant timely appeals.

**DISCUSSION**

Proposition 47 redesignates as misdemeanors "certain drug- and theft-related offenses" that were charged as felonies or charged as "wobblers" (that is, offenses that are punishable as a felony until a court reduces them to a misdemeanor) and ultimately

sentenced as felonies.[4] (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108 (*Lynall*); § 1170.18; see also § 17 [defining "wobbler" offenses].) Proposition 47 operates prospectively: Since it has taken effect on November 5, 2014 (Cal. Const., art. II, § 10, subd. (a)), the People are required, as to any eligible defendant, to charge any of the redesignated offenses as misdemeanors. (§ 1170.18, subd. (i) [limiting redesignation to defendants without prior convictions of crimes enumerated in section 667, subdivision (e)(2)(C)(iv) and crimes requiring sex registration].) Proposition 47 also operates retroactively by creating two mechanisms for the court that originally imposed a felony sentence on an eligible defendant to redesignate any conviction for an offense downgraded by the Proposition. (§ 1170.18, subds. (a), (b), (f), (g); see also, *People v. Valenzuela* (2016) __ Cal.App.4th __, 2016 Cal.App.LEXIS 76, 23-26 (*Valenzuela*) [specifying that Proposition 47 applications must be filed in the trial court]; *People v. Marks* (2015) 243 Cal.App.4th 331, 334-335 [specifying where Proposition 47 petition must be filed].) But does Proposition 47 further require a court to resentence a defendant on crimes not affected by Proposition 47 because the sentence for those crimes was enhanced based on a prior conviction that is affected by the Proposition?

This is the question presented here.[5] Our resolution of this question turns on two issues: (1) does the text of Proposition 47, the purpose of Proposition 47, the canons of

---

[4]    These redesignated offenses can be found in sections 459.5, 473, 476a, 490.2, 496 and 666, as well as in Health and Safety Code sections 11350, 11357, 11377. (Pen. Code, § 1170.18, subds. (a) & (b).)

[5]    Our Supreme Court currently has many separate but related questions pending before it, including (1) whether Proposition 47 entitles a defendant to vacate a felony conviction for failing to appear in court while charged with an offense redesignated as a misdemeanor (see *People v. Eandi* (2015) 239 Cal.App.4th 801, review granted Nov. 18, 2015, S229305; *People v. Perez* (2015) 239 Cal.App.4th 24, review granted Nov. 18, 2015, S229046), and (2) whether a defendant who is entitled under Proposition 47 to redesignate the felony underlying his current sentence and the felony used to enhance that sentence is entitled to have both offenses treated as misdemeanors at the time of the resentencing on the current sentence (see *People v. Buycks* (2015) 241 Cal.App.4th 519, review granted Jan. 20, 2016, S231765).

4

statutory construction, or the text or purpose of section 667.5, subdivision (b) require resentencing in this context?; and (2) do the principles of equal protection otherwise compel it? The first presents a question of statutory interpretation, and the second a question of constitutional law; we review both types of questions de novo. (*Raef v. Appellate Division* (2015) 240 Cal.App.4th 1112, 1120.) These standards of review dovetail neatly with the general rule that the "retroactive application of [a] statute [is reviewed] de novo." (*In re Marriage of Fellows* (2006) 39 Cal.4th 179, 183.) In conducting this independent review, we are concerned with the trial court's ruling, not its reasoning. (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12.)

## I.      Statutory Interpretation

The principles for interpreting a proposition enacted by popular vote are the same as those used to interpret a statute enacted by our Legislature. (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*).) We start with the text, and if its plain meaning is unambiguous, we end there as well. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192-193.) If the meaning is ambiguous, we may also consider the statute's purpose and intent. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) Our overarching goal is to ascertain and implement the voters' intent. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100 (*Rivera*), citing *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 and *People v. Jones* (1993) 5 Cal.4th 1142, 1146.)

Applying these principles, we conclude that the redesignation of a felony or wobbler to a misdemeanor under Proposition 47 applies prospectively (that is, from the date of redesignation forward), but not retroactively (that is, as if the offense had been a misdemeanor from the date it was committed).

### A.      Text of Proposition 47

The text of Proposition 47 does not speak directly to the question of whether the redesignation of a felony as a misdemeanor has a retroactive effect. However, the text implies that redesignation is to have no retroactive effect for two reasons.

First, and as noted above, the text of Proposition 47 creates two separate mechanisms for redesignating felonies or wobblers sentenced as felonies: The first

5

applies to a defendant "currently serving a sentence for [that] conviction[]," and allows for the "recall" of that felony sentence and for resentencing contingent upon a finding that the redesignation will not pose an "unreasonable risk that the [defendant] will commit a new violent felony within the meaning of" section 667, subdivision (e)(2)(c)(iv). (§ 1170.18, subds. (a) & (b).) The second applies to a defendant who has "completed his or her sentence" and allows for re-"designation" of that offense as a misdemeanor. (§ 667, subds. (f) & (g).) Tellingly, the text does *not* create a mechanism for obtaining a resentencing on a felony not affected by Proposition 47 just because an offense underlying one of its enhancements is so affected. (*Valenzuela*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 76, 28 ["(s)ection 1170.18 provides a mechanism for reducing felony convictions to misdemeanors, but contains no procedure for striking a prison prior if the felony underlying the enhancement has subsequently been reduced to a misdemeanor"]; *People v. Ruff* (2016) __ Cal.App.4th __, 2016 Cal.App.LEXIS 99, 16 (*Ruff*) [noting same]; *People v. Carrea* (2016) __ Cal.App.4th __, 2016 Cal.App.LEXIS 100, 6-7 (*Carrea*) [noting same].)

This is significant because Proposition 47 expressly provides that the two mechanisms it creates are meant to be exhaustive, not illustrative: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n); accord, *Carrea*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 100, 14-15 [concluding that subdivision (n) would be violated if Proposition 47 were construed to create a third mechanism allowing for resentencing due to the redesignation of an offense used solely as a sentencing enhancement].) Proposition 47's choice of words also implicitly counsels against creating a new mechanism: The statute allows for the "recall" of sentences currently being served and for a full resentencing on those offenses, but allows only for the re-"designation" of completed sentences. Fashioning a new mechanism for "recalling" and resentencing (rather than re-"designating") convictions whose sentences have been completed would contravene these express and implied limitations as well as the general rule that we are not "[o]rdinarily . . . free to add text to the language selected by the

6

Legislature" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 350) or by the voters.

Second, Proposition 47 borrows language from section 17 that has a well-defined meaning and that does *not* grant an offense's redesignation as a misdemeanor retroactive effect. Proposition 47 expressly provides that "[a]ny felony conviction that is recalled and resentenced" under either of the two statutory mechanisms "shall be considered a *misdemeanor for all purposes*." (§ 1170.18, subd. (k), italics added.)[6] This language is identical to the language used in section 17 to describe the effect of a judicial declaration that a wobbler offense—which is punishable as a felony until designated a misdemeanor—is to be considered a misdemeanor. (§ 17, subds. (b) & (b)(3) [where a crime is a wobbler, "it is a *misdemeanor for all purposes* . . . when . . . the court declares the offense to be a misdemeanor"], italics added; see also *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100 (*Rivera*) [noting how Proposition 47 borrowed section 17's language].)

"[W]hen a wobbler is reduced to a misdemeanor [under section 17], the offense *thereafter* is deemed a 'misdemeanor for all purposes.'" (*Park*, *supra*, 56 Cal.4th at p. 795; *People v. Banks* (1959) 53 Cal.2d 370, 381-382; *People v. Pryor* (1936) 17 Cal.App.2d 147, 152.) Put differently, redesignation under section 17 makes the wobbler "a misdemeanor from that point on." (*People v. Feyrer* (2010) 48 Cal.4th 426, 439, 443, fn. 8 (*Feyrer*); *People v. Marshall* (1991) 227 Cal.App.3d 502, 504 [redesignated offense is treated as a misdemeanor *after* redesignation]; *Gebremicael v. California Com. on Teacher Credentialing* (2004) 118 Cal.App.4th 1477, 1482-1483, 1487 [same]; *People v. Camarillo* (2000) 84 Cal.App.4th 1386, 1390, 1394 [same]; *People v. Rowland* (1937) 19 Cal.App.2d 540, 541-542 [same].) Critically, however, this "misdemean[or] status [is]

---

[6] In full, subdivision (k) provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k).)

not . . . given retroactive effect." (*People v. Moomey* (2011) 194 Cal.App.4th 850, 857 (*Moomey*); *Feyrer,* at p. 439 ["the offense is (made) a misdemeanor from that point on, *but not retroactively*"], italics added.) In other words, a court's declaration of misdemeanor status renders an offense a misdemeanor *for all purposes*, not *for all times*. Thus, a declaration that a wobbler is a misdemeanor does not "relate back" and alter that offense's original status as a wobbler that is by definition to be treated as a felony until declared otherwise. For this reason, a court's order declaring a wobbler to be a misdemeanor has been held not to call into question a defendant's burglary conviction for entering a building with intent to commit a felony (*Moomey*, at pp. 857-858), a defendant's ineligibility for a diversionary drug sentence due to a prior felony (*People v. Marsh* (1982) 132 Cal.App.3d 809, 812-813), a defendant's conviction for being a felon in possession of a firearm (*People v. Holzer* (1972) 25 Cal.App.3d 456, 460, overruled on other grounds in *People v. Palmer* (2001) 24 Cal.4th 856, 860-862), or perhaps most relevant here, the imposition of a sentencing enhancement for a prior felony (*Park*, *supra*, 56 Cal.4th at p. 802 ["(t)here is no dispute that . . . defendant would be subject to the (Penal Code) section 667(b) enhancement (for "serious" felonies) had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor"]).

Because "identical language appearing in separate statutory provisions should receive the same interpretation when the statutes cover the same or analogous subject matter" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1269, fn. 6; *People v. Lamas* (2007) 42 Cal.4th 516, 525), and because Proposition 47 and section 17 both address the effect to be given the redesignation of a felony (or a wobbler that starts out as a felony) as a misdemeanor, we are presumptively obligated to construe the phrase "misdemeanor for all purposes" under Proposition 47 to mean the same as it does under section 17— namely, that a felony offense redesignated as a misdemeanor under Proposition 47 retains its character as a felony prior to its redesignation, and is treated as a misdemeanor only after the time of redesignation. (Accord, *Ruff*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 99, 10-12 [so holding].)

This is precisely why the appeal of a redesignated offense under Proposition 47 lies with the Court of Appeal and not the Appellate Division—namely, because the redesignation does not retroactively convert the offense to a misdemeanor at the time of charging, which is the relevant point in time for determining where an appeal lies. (*Lynall*, *supra*, 233 Cal.App.4th at pp. 1110-1111; *Rivera*, *supra*, 233 Cal.App.4th at pp. 1096-1097, 1099-1100.)  Where, as here, the status of a prior conviction is assessed at the time of the original sentencing, it is presumptively unaffected by later events.  (Accord, *People v. Harty* (1985) 173 Cal.App.3d 493, 499 [later invalidation of felony conviction underlying felon-in-possession charge does not negate that charge]; *People v. Sanchez* (1989) 211 Cal.App.3d 477, 479-480 [same]; *In re Watford* (2011) 186 Cal.App.4th 684, 690 [same, as to sex registration offense].)

Defendant urges that we depart from the general canon of statutory interpretation that points us to section 17's interpretation and that we instead read the phrase "misdemeanor for all purposes" literally, giving effect to the lexical truism that "all means all" (*Rubin v. W. Mutual Ins. Co.* (1999) 71 Cal.App.4th 1539, 1547).  The canon we cite above, like all interpretive canons, is merely a "guide" (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1017), and defendant offers four reasons why we should ignore its guidance and adopt a different definition of "misdemeanor for all purposes" under Proposition 47.

To begin, she notes that Proposition 47 directs that its provisions "shall be liberally construed to effectuate its purposes."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 18, p. 74.)  However, it is well settled that "the legislative intent in favor of the retrospective operation of a statute cannot be implied from the mere fact that the statute is remedial and subject to the rule of liberal construction."  (*Di Genova v. State Board of Education* (1962) 57 Cal.2d 167, 174.)

Next, defendant points us to the voters' decision to carve out a single exception to Proposition 47's "misdemeanor for all purposes" declaration—namely, that any "such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction" under provisions governing

9

possession of firearms by prohibited persons. (§ 1170.18, subd. (k).) Defendant reasons that the inclusion of this exception precludes any other exceptions, including any "exception" against retroactive effect. (E.g., *Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1227 [recall and resentencing, under Proposition 47, of a juvenile adjudication when the defendant is currently serving that sentence requires the removal of the defendant's name from the DNA database for felony offenders because this collateral consequence is not excepted under subdivision (k)]; see generally *Gikas v. Zolin* (1993) 6 Cal.4th 841, 842 ["(t)he expression of some things in a statute necessarily means the exclusion of other things"].) But the Legislature has also carved out several exceptions to the effect of redesignation of wobblers under section 17 (*Park*, *supra*, 56 Cal.4th at pp. 794-795 [listing exceptions]), and, as noted above, the existence of these exceptions has not compelled the conclusion that section 17 redesignations are retroactive. Instead, the effect of a section 17 redesignation—and any exception to that effect—attach from the moment of redesignation onward.

Further, defendant argues that Proposition 47 is different from section 17 because Proposition 47 makes redesignation automatic upon a finding that an eligible defendant's conduct "would have been a misdemeanor under [the Proposition] had [it] been in effect at the time of the offense" (§ 1170.18, subds. (f), (g) & (i)), while section 17 makes redesignation discretionary as a reward for a defendant's demonstrated good conduct on probation. However, the distinction defendant urges us to draw does not always exist: Prosecutors can charge a wobbler offense as a misdemeanor at the outset unless the defendant objects (§ 17, subd. (b)(4)), and judges can redesignate a wobbler offense as a misdemeanor before or during the preliminary examination (§ 17, subd. (b)(5)); in either case, there is no period of probation during which time the defendant can "earn" his or her redesignation. Even if a wobbler is sometimes reduced as a "reward," this distinction does not provide a basis for treating section 17 differently from Proposition 47 for purposes of retroactivity. Relatedly, the fact that Proposition 47 requires a retrospective inquiry—requiring a court to ask whether the defendant's conduct would have constituted a "misdemeanor had [Proposition 47] been in effect at the time of that" conduct—does

not mean that it requires a retroactive effect. The Proposition downgrades the offenses it enumerates by altering the definitions of existing offenses and creating new misdemeanor offenses; the only way a court can apply the Proposition is to examine what the defendant did and assess whether that conduct fits into these new definitions or offenses. Thus, the retrospective inquiry is a product of how Proposition 47 works, and nothing more.

Lastly, defendant asserts that we should construe Proposition 47 differently because it would be "absurd" not to give redesignations a retroactive effect. (See generally, *Hudec v. Superior Court* (2015) 60 Cal.4th 815, 828 [courts are not to construe statutes to lead to absurd results].) The ninety years of precedent interpreting section 17 discussed above would seem to indicate to the contrary.

Our construction of Proposition 47's text is consistent with the emerging consensus that a Proposition 47 redesignation does not apply retroactively. (See *Valenzuela*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 76, at 23-26; *Ruff*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 99, 10-24; *Carrea*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 100, 6-17.) Moreover, our construction also sits comfortably alongside the recent decision in *People v. Diaz* (2015) 238 Cal.App.4th 1323 (*Diaz*). *Diaz* held that a defendant seeking to reduce a felony conviction used to enhance his sentence under section 667.5, subdivision (b) had to file his petition to redesignate under Proposition 47 in the court of conviction of that felony—not the court where the current sentence was imposed. (*Id.* at p. 1328.) *Diaz's* direction as to where to file a petition for redesignation may seem to imply that the defendant, after obtaining that redesignation, would be able to return to the court of current sentence and have that sentence reduced—a reduction that would only be possible if the redesignation had a retroactive effect. However, *Diaz* took pains to "express no opinion whether . . . a felony conviction which has been designated a misdemeanor under section 1170.18(k) can be used to support a section 667.5, subdivision (b) enhancement." (*Id.* at p. 1336, italics omitted.)

### B.       *Purpose of Proposition 47*

The statutory purposes of Proposition 47 also do not speak to whether the redesignation of an offense should have retroactive effect; however, like its text,

Proposition 47's purposes imply it should not. Sections 2 and 3 of Proposition 47 lay out the voters' chief aims—"ensur[ing] that prison spending is focused on violent and serious offenses," "maximiz[ing] alternatives for nonserious, nonviolent crime," and "invest[ing] the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, *supra*, text of Prop. 47, §§ 2 & 3, p. 70.) These purposes do not necessarily include giving redesignations retroactive effect. Moreover, such an effect would obligate a court to resentence on *any* offense, including violent crimes, enhanced by a redesignated offense. This would directly contravene the voters' expressed intent that "people convicted of murder, rape, and child molestation . . . not benefit from this act." (Voter Information Guide, § 3(1), p. 70.) We therefore reject defendant's argument that the voters' intent to generate savings by freeing up jail space—a goal defendant says is better achieved by making redesignation fully retroactive—should be given dispositive weight. (Accord, *Valenzuela*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 76, 29 ["(t)he procedures set forth in section 1170.18 . . . indicate the electorate's intent for a *specific, limited* prospective application of the relief available under the new law"], italics added.)

### C.    *Interpretive canons*

Proposition 47 does not rebut the statutory presumption that amendments to the Penal Code operate prospectively. Section 3 provides that "[n]o part of [the Penal Code] is retroactive, unless expressly so declared." This presumption "codif[ies] 'the time-honored principle that . . . in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature [or voters] . . . must have intended a retroactive application.'" (*People v. Brown* (2012) 54 Cal.4th 314, 319 (*Brown*), quoting *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1208-1209.) As a general rule, only an express legislative declaration of retroactivity or "'a clear and compelling implication'" of such will suffice (*People v. Alford* (2007) 42 Cal.4th 749, 753); "vague phrases and broad, general language in statutes" will not (*Brown*, at p. 319). As explained above, Proposition 47

12

contains neither an express declaration nor a clear and compelling implication that a Proposition 47 redesignation should be given retroactive effect.

Defendant raises two challenges to this analysis. First, he cites *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*). In *Flores*, the defendant sought to overturn a long-final marijuana possession conviction used to enhance a later drug-related conviction on the basis of subsequent legislation reducing the penalty for marijuana possession crimes and mandating that records of arrests and convictions pertaining to those crimes be destroyed. (*Id.* at pp. 471-472.) *Flores* held the defendant was entitled to the relief he sought. (*Id.* at pp. 473-474.) In so holding, the court concluded that the Legislature's destruction-of-court-records mandate evinced a clear intent that those records (and the convictions they recorded) not be used to enhance future sentences. (*Ibid.*) No such clear intent exists with Proposition 47. (Accord, *Ruff*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 99, 21 [Proposition 47 "contains no clear expression with respect to retroactivity as was found in *Flores*"].)

Second, defendant argues that section 3's general presumption of prospectivity is subject to the counter-presumption of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), and that *Estrada* applies here. As recently construed by our Supreme Court in *Brown*, *supra*, 54 Cal.4th 314, *Estrada* erects a "reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to all nonfinal judgments." (*Brown*, at p. 324; *Estrada*, *supra*, 63 Cal.2d at p. 744 ["(i)f the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final, then . . . it, and not the old statute in effect when the prohibited act was committed, applies"].) But *Estrada's* presumption applies only to convictions that are "not yet final." (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1465 (*Smith*).) "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari [with the United States Supreme Court] have expired." (*Ibid.*; *Diaz*, *supra*, 238 Cal.App.4th at p. 1336; *In re Pine* (1977) 66 Cal.App.3d 593, 594; *People v. Kemp* (1974) 10 Cal.3d 611, 614.) The 2010 prior conviction used to enhance defendant's sentence under section 667.5,

13

subdivision (b) in this case became final long ago. To be sure, *Flores*, *supra*, 92 Cal.App.3d 461 suggests a different definition of finality—namely, that "the effect of [a] prior conviction is not final as long as the defendant has the right of appeal from the [sentence] enhanced" by that conviction. (*Id.* at pp. 470-471). But we reject *Flores'* suggestion because it is inconsistent with *Estrada's* definition of finality. (Accord, *Carrea*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 100, 16-17 [applying *Estrada's* definition of finality to Proposition 47].) Where, as here, the prior conviction being used to support an enhancement under section 667.5, subdivision (b) is "final" under *Estrada*, *Estrada's* counter-presumption does not apply; to hold otherwise is "to stretch[] the *Estrada* rule to [its] breaking point." (*Diaz*, at p. 1336.)

### D.      Effect of section 667.5, subdivision (b)

Because this case lies at the intersection of Proposition 47 and section 667.5, subdivision (b), we also examine whether anything in the text or purpose of section 667.5, subdivision (b) counsels in favor of resentencing a defendant to eliminate this enhancement if the offense resulting in a term of imprisonment is later redesignated as a misdemeanor under Proposition 47. Nothing does.

Section 667.5, subdivision (b) provides that a "court shall," when imposing a sentence of imprisonment on any felony, "impose a[n additional, consecutive] one-year term for each prior separate prison term or county jail term . . . for any felony." (§ 667.5, subd. (b).) Although our Supreme Court has previously commented that "667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, as an indicium of the felony's seriousness, at the prior prison term" (*People v. Prather* (1990) 50 Cal.3d 428, 440), the Court has since taken a different view, noting that "[t]he purpose of [this] enhancement is 'to punish individuals' who have shown that they are '"hardened criminal[s] who [are] undeterred by the fear of prison."'" (*In re Preston* (2009) 176 Cal.App.4th 1109, 1115, quoting *People v. Jones* (1993) 5 Cal.4th 1142, 1148; *People v. Fielder* (2004) 114 Cal.App.4th 1221, 1232.) As this text and purpose indicate, the enhancement is designed to provide an extra deterrent for criminals who were not deterred by prior terms of imprisonment in prison or in county jail under lengthier felony

14

sentences. The critical factor is thus the fact of imprisonment, not the designation of the offense that lead to it. (Accord, *Valenzuela*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 76, 31 ["a section 667.5 enhancement is based on the defendant's status as a recidivist, not on the underlying criminal conduct"]; *Ruff*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 99, 17 [noting the same].) These considerations counsel against making the effect of a Proposition 47 redesignation retroactive as to the section 667.5, subdivision (b) enhancement.

Defendant disputes this, noting that a section 667.5, subdivision (b) enhancement is contingent upon "proof that the defendant . . . was previously convicted of a felony" (*People v. Tenner* (1993) 6 Cal.4th 559, 562), and that the redesignation of a felony as a misdemeanor precludes such a finding. It only does so, however, if redesignation has a retroactive effect. We have concluded it does not.

For all these reasons, we hold as a matter of statutory construction that the redesignation of a felony or wobbler under Proposition 47 operates from the moment of redesignation forward and does not retroactively alter the designation of that crime as a felony or wobbler.

## II.    Equal Protection

"Even where the Legislature expressly intends an ameliorative provision to apply prospectively, constitutional considerations may require that it be applied retroactively." (*In re Chavez* (2004) 114 Cal.App.4th 989, 1000 (*Chavez*); *Smith*, *supra*, 234 Cal.App.4th at pp. 1466-1467.) Both the United States and California Constitutions guarantee the equal protection of the laws. (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7; see *In re Evans* (1996) 49 Cal.App.4th 1263, 1270 [noting that "(t)he scope and effect of the two clauses is the same"].) This guarantee assures that the Legislature and voters cannot """"adopt[] a classification that affects two or more similarly situated groups in an unequal manner"""" unless the classification "'has [a] rational relationship to a legitimate state purpose'"—at least where, as here, that classification does not involve a suspect class or a fundamental right. (*Brown*, *supra*, 54 Cal.4th at p. 328; *People v. Singh* (2011) 198 Cal.App.4th 364, 369.)

15

Defendant makes two equal protection arguments. First and foremost, he argues that refusing to give a Proposition 47 redesignation retroactive effect sets up two classes of defendants: (1) those sentenced *now*, who are able to avoid enhancements based on prior felony or wobbler convictions (because the redesignations they obtain on those prior convictions apply prospectively); and (2) those sentenced in the past, who are unable to avoid enhancements based on prior felony or wobbler convictions (because the redesignations they obtain on those prior convictions do not apply retroactively). What distinguishes these two classes of defendants is whether the defendants were able to seek redesignation before or after the current sentence was imposed, which in turn is a function of the date Proposition 47 took effect. However, it is well settled that "'[a] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection.'" (*People v. Floyd* (2003) 31 Cal.4th 179, 188-189; see also, *Smith, supra,* 234 Cal.App.4th at p. 1468 ["a statute ameliorating punishment for particular offenses may be made prospective only without offending equal protection"].) This makes sense because a classification defined by the date an ameliorative statute takes effect rationally furthers the state's legitimate interest in "assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the originally prescribed punishment as written." (*In re Kapperman* (1974) 11 Cal.3d 542, 545 (*Kapperman*).)

Second, defendant cites *Kapperman, supra*, 11 Cal.3d 542, and *Chavez, supra*, 114 Cal.App.4th 989 for the proposition that equal protection can sometimes compel the retroactive reduction of a final sentence. This is true, but irrelevant in light of our conclusion that there is no equal protection violation.

*Kapperman* and *Chavez* are also distinguishable. *Kapperman* held that equal protection compelled the award of presentence credits against sentences for convictions that were final prior to the enactment of the statute recognizing those credits. (*Kapperman, supra*, 11 Cal.3d at pp. 544-545.) But our Supreme Court in *Kapperman* specifically distinguished statutes "involving the application to previously convicted offenders of statutes lessening the *punishment* for a particular offense"; as to those

16

statutes, the court noted, "[t]he Legislature properly may specify . . . prospective only" application. (*Id.* at p. 546.) *Chavez* held that equal protection compelled resentencing on a final conviction that was originally sentenced under our state's indeterminate sentencing law in light of a new statute extending determinate sentencing to the crime at issue. (*Chavez*, *supra*, 114 Cal.App.4th at p. 991.) The court determined that the Legislature had expressed an intent to make the new statute retroactive, and after citing equal protection principles, observed that "the purpose of achieving equality and uniformity in felony sentencing is a legitimate public purpose to which the finality of the judgment must yield." (*Id.* at p. 1000.) We question whether *Chavez* applies the correct test for assessing equal protection violations—the test is not whether the court finds a "legitimate public purpose" for *not* drawing the classification, but instead whether "the challenger '"negative[s] every conceivable basis"'" for drawing the classification (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 882). In any event, *Chavez* dealt with a statute that was part of a larger effort to transmogrify sentencing law in the state by moving it from indeterminate to determinate; where an enactment has a more modest effect (as here, of redesignating a handful of drug and theft crimes as misdemeanors), the Legislature's legitimate interest in "carrying out the original prescribed punishment" defeats any equal protection challenge. (*Kapperman*, at p. 546.)

We are not alone in our analysis of the issue: *Valenzuela*, *Ruff* and *Carrea* have rejected identical equal protection challenges. (*Valenzuela*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 76, 32-33; *Ruff*, *supra*, __ Cal.App.4th __, 2016 Cal.App.LEXIS 99, 23-24; *Carrea*, *supra,* __ Cal.App.4th __, 2016 Cal.App.LEXIS 100, 17-20.)

## DISPOSITION

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION.**

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN

_____, J.
ASHMANN-GERST

17