Filed 5/19/16  P. v. Littrell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GARY LITTRELL, <br><br> Defendant and Appellant. | F069661 <br><br> (Super. Ct. No. SC066590A) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Gomes, Acting P.J., Kane, J. and Poochigian, J.

In 1996, defendant Gary Littrell was convicted of felony possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a)).  He was sentenced to 25 years to life pursuant to the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1]  On August 19, 2013, he filed a petition pursuant to Proposition 36, the Three Strikes Reform Act of 2012 (§ 1170.126), to recall his 25-year-to-life sentence.  On June 23, 2014, the trial court denied the petition, finding that defendant's release would result in an unreasonable risk of danger to the public safety and that he was therefore ineligible for resentencing under Proposition 36 (§ 1170.126, subd. (f)).  Defendant filed a notice of appeal on June 27, 2014.

On appeal, defendant contends Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), applies retroactively and thus we should vacate his sentence and remand for resentencing to reduce his felony conviction for possession of methamphetamine to a misdemeanor.  We disagree and dismiss the appeal.

## DISCUSSION

While defendant's appeal was pending, on November 4, 2014, voters enacted Proposition 47, and it went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)."  (*Id.* at p. 1091.)  Among the enumerated offenses set forth in Proposition 47 is possession of a methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)

"Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

2

is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be 'resentenced to a misdemeanor … unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term 'unreasonable risk of danger to public safety,' and subdivision (b) of the statute lists factors the court must consider in determining 'whether a new sentence would result in an unreasonable risk of danger to public safety.' (§ 1170.18, subds. (b), (c).)" (*People v. Rivera, supra,* 233 Cal.App.4th at p. 1092.) Proposition 47, unlike Proposition 36, requires a specific finding of an unreasonable risk that the defendant will commit a new violent felony as defined in section 667, subdivision (e)(2)(C)(iv), a so-called "super strike" offense, such as murder, rape, or child molestation. (§ 1170.18, subd. (c); *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309.)

Here, defendant did not petition the trial court for recall of his sentence pursuant to Proposition 47. The plain language of section 1170.18, however, requires a defendant to first file "a petition to recall (if currently serving the sentence) or an application to redesignate (if the sentence is completed) in the superior court of conviction." (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1331-1332 (*Diaz*).)[2]

---

[2]    *Diaz* also concluded "the voters did not intend to permit an appellate court to declare in the first instance that a felony conviction for a crime reduced by Proposition 47 is a misdemeanor." (*Diaz, supra,* 238 Cal.App.4th at p. 1332.) Other recent decisions have rejected arguments on appeal that appellate courts are required to reduce offenses predating Proposition 47 when the judgments are not yet final, and the decisions instead require defendants to utilize the procedures specified in section 1170.18. (See *People v. Contreras* (2015) 237 Cal.App.4th 868, 873, 889-892; *People v. Awad* (2015) 238 Cal.App.4th 215, 221-222 [finding the task of reducing a conviction from a felony to a misdemeanor under Proposition 47 "manifestly" vested with the trial court].)

We conclude defendant must petition the trial court, utilizing the procedures specified in section 1170.18.  Furthermore, any arguments on appeal that Proposition 47 should be applied retroactively are premature.**3**  As a result, defendant raises no cognizable issues on appeal.

**DISPOSITION**

The appeal is dismissed without prejudice to defendant's filing a petition in the trial court to recall his sentence.

---

**3**     We note that the issue of whether Proposition 47 applies retroactively to a defendant who was sentenced before its effective date but whose judgment was not final until after that date is pending before our Supreme Court in *People v. Dehoyos,* review granted September 30, 2015, S228230.  We also note that defendant's equal protection argument has been rejected.  (*People v. Williams* (2016) 245 Cal.App.4th 458, 474-476; *People v. Ruff* (2016) 244 Cal.App.4th 935, 948-949.)