Filed 7/7/16  P. v. Stubbs CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH STUBBS,<br><br>        Defendant and Appellant. | B255946<br>(Los Angeles County<br>Super. Ct. No. SA085771) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Affirmed.

Melissa J. Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On March 26, 2014, a jury convicted Joseph Stubbs (Stubbs) of receiving stolen property; the trial court found true the allegations that Stubbs suffered nine prior prison terms. During sentencing, the trial court imposed an upper term of three years, plus consecutive one-year terms for each of the nine prior prison terms pursuant to Penal Code section 667.5, subdivision (b).[1]

After the enactment of Proposition 47 in November 2014, which reduced certain felonies to misdemeanors, Stubbs successfully applied to have three of his nine felony convictions redesignated as misdemeanors. On July 31, 2015, Stubbs filed in this case a petition to recall his sentence, arguing that the three felony convictions now redesignated as misdemeanors pursuant to Proposition 47 could no longer serve as "felony" convictions to support the one-year sentence enhancements required by section 667.5, subdivision (b). In short, Stubbs sought to reduce his aggregate sentence by three years; the trial court denied Stubbs's petition.

We conclude that Proposition 47 does not apply retroactively to previously-imposed section 667.5, subdivision (b) sentence enhancements. Nothing in the plain language of Proposition 47 states that it would apply retroactively; there is no evidence that voters intended such a retroactive effect; and, there is a statutory presumption that amendments to the Penal Code operate prospectively only. Accordingly, we affirm the trial court's ruling.

## BACKGROUND

### I. Statutory and case law background

In 1976, the Legislature enacted section 667.5, subdivision (b), which provides that for any person convicted of a felony, "in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term . . . for any felony."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

In 2014, California voters enacted Proposition 47, which reclassified certain drug and theft-related felony offenses as misdemeanors.[2]  For persons already convicted of one of these offenses, Proposition 47 provided relief to those persons by creating two new procedures pursuant to a new section 1170.18 added to the Penal Code.

First, if the person is currently serving the felony sentence, then he or she may petition for a "recall" of that felony sentence and request resentencing to a misdemeanor unless the court finds that resentencing would pose an unreasonable risk that the person will commit a new violent felony.  (§ 1170.18, subds. (a)-(c).)  Second, if the person has completed the sentence for the felony conviction, he or she may file an application to have the felony conviction "redesignated" as a misdemeanor.  (§ 1170.8, subds. (f)-(g).)

After an individual obtains relief under these two provisions, the statute provides that any felony conviction recalled pursuant to subdivision (b) or redesignated pursuant to subdivision (g) "shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."  (§ 1170.18, subd. (k).)

The purpose of Proposition 47 is to "ensure that prison spending is focused on violent and serious offenses," "maximize alternatives for nonserious, nonviolent crime," and "invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment."  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.)

After the enactment of Proposition 47, prisoners began filing section 1170.18 petitions attacking previously-imposed section 667.5, subdivision (b) sentence enhancements based on felony convictions now redesignated as misdemeanors under Proposition 47.  On February 3, 2016, the Fourth District issued *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review was granted March 30, 2016, S232900; on

---

[2] Proposition 47 also applies to wobblers, that is, crimes that can be punished as either felonies or misdemeanors; for convenience, we refer only to felonies.

3

February 10, 2016, the Fifth District issued *People v. Ruff* (2016) 244 Cal.App.4th 935, review was granted May 11, 2016, S233201; and on February 11, 2016, the Fourth District issued *People v. Carrea* (2016) 244 Cal.App.4th 966, review was granted April 27, 2016, S233011. On March 3, 2016, Division Two of this District issued *People v. Williams* (2016) 245 Cal.App.4th 458, review was granted May 11, 2016, S233539. Concluding that Proposition 47 has no retroactive effect on previously-imposed section 667.5, subdivision (b) sentence enhancements, all the foregoing appellate opinions denied the respective defendants' requests for resentencing.

The California Supreme Court granted a petition for review in *People v. Valenzuela*, *supra*, 244 Cal.App.4th 692, to address the following issue: "Is defendant eligible for resentencing on the penalty enhancement for serving a prior prison term on a felony conviction after the superior court had reclassified the underlying felony as a misdemeanor under the provisions of Proposition 47?" (Cal. Supreme Ct. News Release (Apr. 1, 2016) Summary of Cases Accepted and Related Actions During Week of March 28, 2016.) Our state Supreme Court also granted a petition for review in *People v. Carrea*, *supra*, 244 Cal.App.4th 966, *People v. Ruff*, *supra*, 244 Cal.App.4th 935, and *People v. Williams*, *supra*, 245 Cal.App.4th 458, deferring action in those cases pending disposition of *People v. Valenzuela*.

## II.    Facts of the case

On January 2, 2014, the People filed a one-count information alleging Stubbs received stolen property, specifically an electric bicycle, on or about November 16, 2013, a felony in violation of section 496, subdivision (a); the information further alleged that Stubbs suffered 12 prior convictions, pursuant to section 667.5, subdivision (b). During the arraignment hearing, Stubbs pleaded not guilty to the single count and denied the prior prison term allegations.

On March 26, 2014, after a trial, the jury convicted Stubbs of receiving stolen property. On that same day, after holding a trial on the allegations of 12 prior prison terms, the trial court found nine of those terms to be true. On April 28, 2014, the trial court imposed an aggregate sentence of 12 years in county jail—the upper term of three

years, plus consecutive one-year terms for each of the nine prior prison terms pursuant to section 667.5, subdivision (b); the trial court suspended execution of sentence and placed Stubbs on mandatory supervision for three years.

On November 4, 2014, California voters approved Proposition 47; the statutory amendments set forth in Proposition 47 became effective the next day.

Pursuant to Proposition 47, Stubbs filed section 1170.18 applications to have three of his prior felony convictions redesignated as misdemeanors; the trial courts in all three cases granted Stubbs's applications, as described below.[3] On February 20, 2015, in case No. SA035229, the trial court redesignated Stubbs's 1999 felony conviction for receiving stolen property as a misdemeanor. On March 18, 2015, in case No. SA048354, the trial court redesignated Stubbs's 2003 felony conviction for receiving stolen property as a misdemeanor. On April 28, 2015, in case No. CR12887, the trial court redesignated his 1987 felony conviction for burglary as a misdemeanor.

On July 31, 2015, in this case (case No. SA085771), while incarcerated in Los Angeles County jail, Stubbs filed a petition to recall his sentence. Asserting that three of the felony convictions supporting one-year prior prison term sentence enhancements have been redesignated as misdemeanors pursuant to Proposition 47, Stubbs argued that those convictions can no longer serve as felony convictions under section 667.5, subdivision (b). Stubbs's petition therefore sought to have his sentence reduced by three years; on September 9, 2015, the trial court denied the petition. Stubbs timely appealed.

## DISCUSSION

"[O]ur interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature." (*People v. Park* (2013) 56 Cal.4th 782, 796.) First, we give the language of the statute its plain and ordinary meaning.

---

[3] On January 27, 2015, in this case (case No. SA085771), Stubbs filed an application to have his 2014 felony conviction redesignated as a misdemeanor; however, because the value of the stolen property received exceeded $950, the trial court denied the petition.

(*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) Next, we consider the context of the statute as a whole and the overall statutory scheme, in order to effectuate the voters' intent. (*Ibid.*) Then, only when the language is ambiguous, we look to "'"'"other indicia of the voter's intent, particularly the analyses and arguments contained in the official ballot pamphlet."'"'" (*Ibid.*) Ultimately, our duty is to interpret and to apply the language of the initiative "'"so as to effectuate the electorate's intent.'"" (*Ibid.*)

Stubbs asserts that the plain language of section 1170.18 requires that his three felony convictions redesignated as misdemeanors "be considered a misdemeanor for all purposes," which he contends must include for the purpose of sentence enhancements pursuant to section 667.5, subdivision (b). Because it is undisputed that section 667.5, subdivision (b) only imposes a one-year sentence enhancement for a "felony," not a misdemeanor, Stubbs argues that section 1170.18 unambiguously prohibits courts from using a redesignated misdemeanor to trigger application of a section 667.5, subdivision (b) sentence enhancement.

Further, Stubbs asserts that section 1170.18, subdivision (k) only lists one exception (firearm ownership and possession) when a redesignated felony conviction is not a misdemeanor "for all purposes." Relying on the statutory construction principle that the listing of a series of exceptions implies the exclusion of others, he argues that because the statute does not list a section 667.5, subdivision (b) sentence enhancement as an exception, then it cannot be one.

Stubbs also analogizes the statute at issue to the 1975 amendment of Health and Safety Code section 11357, which reduced the crime of possession of marijuana from a felony to a misdemeanor; according to *People v. Flores* (1979) 92 Cal.App.3d 461, that new misdemeanor cannot form the basis of a sentence enhancement under section 667.5, subdivision (b). Similarly, Stubbs relies on an analogy to section 17, subdivision (b), which provides that once a court reduces a wobbler to a misdemeanor, that offense is a misdemeanor "for all purposes"; again, as stated in *People v. Park*, *supra*, 56 Cal.4th 782, that new misdemeanor cannot form the basis of a section 667, subdivision (a) sentence enhancement. Stubbs argues that permitting his three felony convictions redesignated as

6

misdemeanors to continue to support section 667.5, subdivision (b) sentence enhancements is inconsistent with those court opinions.

For the following reasons, none of Stubbs's arguments is persuasive. First, the plain language of section 1170.18 makes no reference that it would apply to section 667.5, subdivision (b) sentence enhancements. There is no evidence that the voters, in enacting Proposition 47, intended section 1170.18 to affect section 667.5, subdivision (b) sentence enhancements. The text of section 1170.18 creates no mechanism for obtaining a resentencing on a felony not affected by Proposition 47 merely because Proposition 47 affected an offense underlying one of its sentence enhancements. Rather, the statute provides only two specific procedures for persons *already sentenced* on the applicable felonies to obtain relief: the "recall" procedure in subdivisions (a)-(b) for persons currently serving the felony sentence and the "redesignation" procedure in subdivisions (f)-(g) for persons who completed the felony sentence. Neither apply here. There is no procedure in the statute permitting a person who completed the felony sentence to request resentencing on a separate offense. Stubbs's new proposed procedure would contravene these express and implied limitations as well as the general rule that "[o]rdinarily we are not free to add text to the language selected by the Legislature" or by the voters. (See *Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 350.)

Next, there is no evidence that the "for all purposes" language recited in section 1170.18, subdivision (k) applies retroactively. While the statute prohibits the imposition of future sentence enhancements based on felony convictions redesignated as misdemeanors, it does not retroactively change the status of an offense designated a felony *at the time the trial court imposed the sentence enhancement*. There is a statutory presumption that amendments to the Penal Code operate prospectively. Section 3 of the Penal Code provides, "No part of it is retroactive, unless expressly so declared." Nothing in section 1170.18 expressly declares that it applies retroactively to section 667.5, subdivision (b) sentence enhancements. Nor does Stubbs provide any evidence of voter intent that section 1170.18 would apply retroactively. Even if there were ambiguity in

the statute with respect to retroactivity, we would construe the statute as unambiguously prospective. (*People v. Brown* (2012) 54 Cal.4th 314, 320, 324.)

Stubbs's reliance on *People v. Flores*, *supra*, 92 Cal.App.3d 461, and *People v. Park*, *supra*, 56 Cal.4th 782, is incorrect. Those decisions are distinguishable from the present matter, because in both cases, the trial court reduced the prior conviction to a misdemeanor *before* the defendant's current sentencing that included a sentence enhancement based on the newly-classified misdemeanor. In this case, *after* Stubbs's sentencing that included the three sentence enhancements at issue, other trial courts redesignated those felonies as misdemeanors. In fact, the Supreme Court in *Park* noted that the "for all purposes" language used in section 17, subdivision (b) does not have retroactive effect on a previously-imposed sentence enhancement: "[t]here is no dispute that, under the rule in those cases, defendant would be subject to the section 667(a) enhancement had he committed and been convicted of the present crimes *before* the court reduced the earlier offense to a misdemeanor." (*Id.* at p. 802, italics added.) Therefore, those cases provide no support for Stubbs's proposed interpretation of section 1170.18.

Because we hold that Proposition 47 does not apply retroactively, we also reject Stubbs's argument that section 1170.18 includes only one exception (concerning firearm ownership and possession) and that one exception does not include section 667.5, subdivision (b) sentence enhancements. His argument concerns *how* the misdemeanor designation should be applied; this case concerns *when* it should apply.

In conclusion, we hold that Proposition 47's redesignation of a felony as a misdemeanor operates from the moment of redesignation forward and that the redesignation does not retroactively alter the designation of that crime as a felony. When the trial court sentenced Stubbs in this case, the voters had not yet enacted Proposition 47; the Penal Code still classified the three convictions in cases Nos. SA035229, SA048354, and CR12887 as felonies, triggering the trial court's mandatory obligation required by section 667.5, subdivision (b), to impose one-year sentence enhancements for each. Proposition 47 does not entitle Stubbs to reach back in time to obtain resentencing on his most recent offense in order to have his three prior prison term sentence

enhancements stricken. Although the California Supreme Court granted review in the previously-published cases agreeing that Proposition 47 does not apply retroactively to previously-imposed section 667.5, subdivision (b) sentence enhancements,[4] we cannot divine how the Supreme Court may decide the issue; at this point, we find persuasive the reasoning proffered by the other appellate courts. We affirm the trial court's rejection of Stubbs's petition.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                                JOHNSON, J.

We concur:


        CHANEY, Acting P. J.


        LUI, J.

---

[4] Recently, Division Six issued a published opinion relying on a "different theory [but] reaching the same result" as the "spate of appellate opinions [following *People v. Valenzuela*, *supra*, 244 Cal.App.4th 692]": specifically, the court held that the phrase "for all purposes" in section 1170.18, subdivision (k), applies to "the simple 'status' of conviction of a felony" rather than "the actual service of a prison term." (*People v. Acosta* (May 31, 2016, B263849) __ Cal.App.4th __ [2016 Cal.App. Lexis 437, 9–10].)