Filed 2/11/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTOPHER CARREA,<br><br>    Defendant and Appellant. | D068246<br><br><br><br>(Super. Ct. No. SCD240790) |

    APPEAL from an order of the Superior Court of San Diego County, David J.

Danielsen, Judge.  Affirmed.

    Stephen M. Hinkle, under appointment by the Court of Appeal, for Defendant and

Appellant.

    Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G.

McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher Carrea (also known as Carrea Christopher) appeals an order denying his Penal Code[1] section 1170.18 motion to dismiss a one-year prison prior enhancement imposed at his 2013 sentencing for his jury conviction of inflicting corporal injury to a former cohabitant (§ 273.5, subd. (a)).  On appeal, he argues that because, after his sentencing, he obtained a section 1170.18 order reducing the 2004 convictions on which that prison prior enhancement was based from felonies to misdemeanors, the trial court should have stricken or dismissed that enhancement pursuant to section 1170.18 and Proposition 47.  Because we conclude section 1170.18 does not provide for retroactive redesignation, dismissal, or striking of final pre-Proposition 47 sentence enhancements based on prior convictions that are subsequently reduced from felonies to misdemeanors pursuant to section 1170.18, the court correctly denied his motion.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Carrea was convicted in San Diego County Superior Court case No. SCD183230 of section 484 theft and section 459 burglary offenses for which he thereafter served a prison term.

In 2012, an information in San Diego County Superior Court case No. SCD240790 charged Carrea with one count of inflicting corporal injury to a former cohabitant (§ 273.5, subd. (a)) and alleged he had three prison priors within the meaning of sections 667.5, subdivision (b), and 668.  The second prison prior allegation alleged he had section 484 theft and section 459 burglary convictions in 2004 for which he allegedly served a prison term and did not remain free of custody for five years after his release.  In

_____

1    All statutory references are to the Penal Code.

2

August 2012, a jury found Carrea guilty of the section 273.5, subdivision (a), offense and he admitted the truth of the prison prior allegations. In January 2013, the trial court sentenced him to a total term of seven years, including a four-year term for his section 273.5, subdivision (a), conviction, plus consecutive one-year terms for each of the three prison prior enhancements.[2]

On April 23, 2015, the trial court granted his section 1170.18 motion to redesignate his 2004 section 484 theft and section 459 burglary felony convictions as misdemeanors. On May 7, Carrea filed a section 1170.18 motion in case No. SCD240790 to dismiss the second prison prior enhancement imposed at his 2013 sentencing because the felony convictions on which that enhancement was based (presumably his 2004 §§ 484 &459 convictions) had since been redesignated as misdemeanors pursuant to section 1170.18. The People opposed his motion, arguing Proposition 47, which enacted section 1170.18, does not grant a court retroactive jurisdiction over offenses not within its purview (e.g., a § 273.5 offense).

On May 27, the court denied Carrea's motion to dismiss his prison prior enhancement, concluding section 1170.18, subdivision (n), precluded the retroactive application of Proposition 47 to diminish the finality of the judgment in case No. SCD240790 by dismissing or striking an enhancement imposed in that case that did not involve an eligible section 1170.18 offense. Carrea timely filed a notice of appeal.

---

2    On February 25, 2014, we affirmed the trial court's judgment in case No. SCD240790. (*People v. Christopher* (Feb. 25, 2014, D063357) [nonpub. opn.], review denied April 30, 2014.)

DISCUSSION

I

*Proposition 47*

On November 4, 2014, the voters approved Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47 or the Act) and it became effective the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) The Act "makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Rivera,* at p. 1091.)

The Act also created new section 1170.18, which allows a person currently serving a sentence for a conviction of a felony who would have been guilty of a misdemeanor under the Act to petition for a recall of his or her sentence and be resentenced to a misdemeanor. (§ 1170.18, subds. (a), (b).) The Act also allows a person who has completed a sentence for a felony that would now be a misdemeanor under the Act to file an application with the trial court to have that felony conviction designated as a misdemeanor. (§ 1170.18, subds. (f), (g).) "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor." (§ 1170.18, subd. (g).) Importantly for this appeal, section 1170.18, subdivision (k), provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor *for all purposes* . . . ." (Italics added.) The Act further provides:

4

"Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n).)

II

*Principles of Initiative and Statutory Construction*

In interpreting ballot initiative measures, we apply the same principles that we apply in construing a statute enacted by the Legislature. (*People v. Park* (2013) 56 Cal.4th 782, 796 (*Park*); *People v. Briceno* (2004) 34 Cal.4th 451, 459.) The fundamental purpose of statutory interpretation is to ascertain the intent of the Legislature or voters in enacting the statute. (*People v. Farley* (2009) 46 Cal.4th 1053, 1118.) We begin by considering the actual language of the statute, giving its words their usual and ordinary meaning. (*Alcala v. Superior Court* (2008) 43 Cal.4th 1205, 1216; *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.) We construe the words of a statute as a whole and within the overall statutory scheme to effectuate the intent of the Legislature or voters. (*Robert L.*, at p. 901.) If the words of the statute are unambiguous, the plain meaning of the statute governs and there is no need for construction. (*People v. Johnson* (2013) 57 Cal.4th 250, 260; *People v. Hendrix* (1997) 16 Cal.4th 508, 512.) However, if the statutory language is ambiguous, we look to other indicia of the intent of the Legislature or voters (e.g., analyses and arguments in an official ballot pamphlet). (*Robert L.*, at p. 901; *People v. Floyd* (2003) 31 Cal.4th 179, 187-188.) We do not interpret ambiguities in statutory or initiative language in a defendant's favor if that interpretation would create an absurd result or be inconsistent with the intent of the Legislature or voters. (*People v. Cruz* (1996) 13 Cal.4th 764, 782-783.)

Furthermore, penal statutes generally are not applied retroactively, "unless expressly so declared."  (§ 3.)  Nevertheless, enactments having an ameliorative or mitigating effect on criminal defendants should be applied retroactively despite the finality of a judgment "if that is what the Legislature intended or what the Constitution requires."  (*In re Chavez* (2004) 114 Cal.App.4th 989, 1000.)

III

*Inapplicability of Section 1170.18 to Redesignate, Dismiss, or Strike*
*Carrea's Sentence Enhancement*

To the extent Carrea contends section 1170.18 provides for redesignation, dismissal, or striking of a sentence enhancement imposed in connection with a conviction that is ineligible for recall and resentencing or redesignation under that statute, he is incorrect.  Section 1170.18 provides specific procedures for defendants to obtain relief for two classifications of convictions: (1) a felony conviction for which a defendant is currently serving a sentence that would now be a misdemeanor under the Act (§ 1170.18, subds. (a), (b)); and (2) a felony conviction for which a defendant has completed a sentence that would now be a misdemeanor under the Act (§ 1170.18, subds. (f), (g)).  Neither procedure provides for either the recall and resentencing or the redesignation (or dismissal or striking) of the sentence enhancement Carrea challenges in this case.

Section 1170.18's plain language expressly applies only to *convictions* of offenses and *not* the imposition of sentence *enhancements*.  Accordingly, although Carrea successfully availed himself of section 1170.18, subdivision (f)'s provision that allowed him in 2015 to apply for, and obtain, redesignation of his 2004 felony section 484 and

6

section 459 convictions as misdemeanors, there is nothing in section 1170.18's language that allows, or contemplates, the retroactive redesignation, dismissal, or striking of sentence enhancements imposed in a pre-Act final judgment based on a prior felony conviction that subsequently was redesignated as a misdemeanor under section 1170.18. Section 1170.18 does not allow for the retroactive redesignation, dismissal, or striking of Carrea's section 667.5, subdivision (b), sentence enhancement in case No. SCD240790, which enhancement was based on his 2004 prison prior convictions (i.e., his §§ 484 & 459 convictions), even though he subsequently obtained redesignation of the convictions underlying that prison prior enhancement. We further note, as the People argue, that his section 273.5 conviction in case No. SCD240790 is not itself an eligible offense for which Carrea could either petition for a recall and resentencing or apply for redesignation of that felony conviction as a misdemeanor pursuant to section 1170.18. Therefore, section 1170.18 does not provide any procedure for the retroactive redesignation, dismissal, or striking of Carrea's section 667.5, subdivision (b), sentence enhancement in case No. SCD240790 based on his prior prison term for his 2004 section 484 and section 459 felony convictions that were subsequently redesignated as misdemeanors under section 1170.18.

IV

*Carrea's Other Arguments*

Although, as we concluded above, section 1170.18 does not provide a procedure for the retroactive redesignation, dismissal, or striking of Carrea's 2004 sentence enhancement based on his prior prison term for 2004 felony convictions that were

7

subsequently redesignated as misdemeanors under section 1170.18, Carrea nevertheless argues that 2004 sentence enhancement must be dismissed or stricken under reasoning analogous to that in *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*) and language in section 1170.18, subdivision (k). He also argues the voters' intent in passing the Act and *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) support his position and section 1170.18, subdivision (n), does not preclude the relief he seeks.

A

*Flores*. In *Flores*, the defendant was convicted for his 1977 sale of heroin and his sentence for that conviction was enhanced pursuant to section 667.5 based on a 1966 prior prison term for a felony conviction for the sale of marijuana. (*Flores*, *supra*, 92 Cal.App.3d at pp. 470-471.) However, effective as of January 1, 1976, the Legislature amended the statute punishing the sale of marijuana to change that offense from a felony to a misdemeanor. (*Ibid.*) *Flores* held the 1976 amendment applied "to prevent the enhancement of a *new* sentence." (*Id.* at p. 471, italics added.) *Flores* concluded, in effect, that the 1976 amendment applied *prospectively* to all "new" sentences (i.e., those imposed after Jan. 1, 1976), precluding the imposition of a new enhancement based on an offense that was a felony before 1976, but made a misdemeanor by the 1976 amendment. (*Id.* at pp. 471-474.)

However, unlike the defendant in *Flores*, Carrea challenges the imposition of a section 667.5 enhancement that was imposed and became final before the effective date of the Act (i.e., Nov. 5, 2014). (*People v. Christopher, supra,* D063357.) His challenge seeks, in effect, *retroactive* application of the Act to dismiss or strike the sentence

8

enhancement based on his prison term for his 2004 felony convictions that in 2015 were redesignated as misdemeanors under the Act. Therefore, *Flores* is inapposite to this case and does not persuade us the trial court erred by denying his motion.

B

*Section 1170.18, subdivision* (*k*). Carrea argues the language of section 1170.18, subdivision (k), requires the dismissal or striking of the section 667.5, subdivision (b), enhancement based on the prison term for his 2004 felony convictions that in 2015 were redesignated as misdemeanors. Section 1170.18, subdivision (k), provides: "Any felony conviction that is recalled and resentenced under subdivision (b) or designated as a misdemeanor under subdivision (g) shall be considered a misdemeanor *for all purposes* . . . ." (Italics added.) Carrea argues that the phrase, "for all purposes," necessarily means the voters intended the Act to allow not only the redesignation of past felony convictions that are now misdemeanors, but also to allow retroactive relief from the collateral effects of those former felony convictions (e.g., past sentence enhancements based on those former felony convictions). He argues the language of section 1170.18, subdivision (k), is plain, clear, and unambiguous and did not expressly limit the phrase, "for all purposes," to only prospective application of its provisions. However, because we concluded above that section 1170.18's language applies to allow only the recall and resentencing or redesignation of felony convictions and not sentence enhancements, the absence of express language in section 1170.18 allowing the redesignation, dismissal, or striking of past sentence enhancements necessarily precludes an inference that voters intended the Act to apply retroactively to past sentence enhancements. Accordingly,

9

section 1170.18, subdivision (k)'s language, "for all purposes," applies, at most, prospectively to preclude future or nonfinal sentence enhancements based on felony convictions redesignated as misdemeanors under the Act.

In support of his argument that section 1170.18, subdivision (k), requires retroactive application of the Act to allow the dismissal or striking of past sentence enhancements based on felony convictions subsequently redesignated misdemeanors under the Act, Carrea cites *Park, supra,* 56 Cal.4th 782. *Park* held the defendant's *current* felony sentence could not be enhanced under section 667, subdivision (a), because the underlying past felony conviction had been reduced to a misdemeanor pursuant to section 17, subdivision (b), *before* the commission of the instant offense. It stated: "[W]hen a wobbler is reduced to a misdemeanor in accordance with the statutory procedures, the offense *thereafter* is deemed a 'misdemeanor *for all purposes*,' except when the Legislature has specifically directed otherwise."[3] (*Park, supra*, 56 Cal.4th at p. 795, italics added.) *Park* concluded, in effect, section 17, subdivision (b)'s provisions applied prospectively to preclude a sentence enhancement based on a prior conviction deemed a misdemeanor before the commission of the current offense. Because *Park* did not consider or address the issue of retroactive application of section 17, subdivision (b),

---

[3] Section 17, subdivision (b), provides in part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . , it is a *misdemeanor for all purposes* under the following circumstances: [¶] . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (Italics added.)

10

to a sentence enhancement imposed before the commission of a current offense (or before the prior conviction was deemed a misdemeanor), it does not support Carrea's assertion that the Act's provisions apply retroactively to allow the dismissal or striking of past sentence enhancements based on felony convictions subsequently redesignated misdemeanors under the Act. Likewise, *Park*'s interpretation of the phrase, "for all purposes," as used in section 17, subdivision (b), as applying "thereafter," or prospectively, does not support, and in fact undermines, Carrea's assertion that the same phrase, "for all purposes," as used in section 1170.18, subdivision (k), allows retroactive relief in his case. Therefore, we conclude section 1170.18, subdivision (k), does not allow, or require, the relief sought by his motion.

C

*Voters' intent*. Carrea contends that, to the extent the language of section 1170.18 is ambiguous, evidence of the voters' intent in passing the Act shows the voters intended its provisions to be applied retroactively and to allow the relief he seeks. He cites language from the Act's ballot pamphlet that states its purposes are "to ensure that prison spending is focused on violent and serious offenses [and] to maximize alternatives for nonserious, nonviolent crime . . . ." (Historical and Statutory Notes, 32A pt. 3, West's Ann. Gov. Code (2016 supp.), foll. § 7599, p. 163.) Based thereon, he argues the voters sought to reduce the prison population and prison spending by focusing resources on serious and violent crime rather than on minor theft and drug possession offenses.

However, because the language of section 1170.18 is plain, clear, and unambiguous that it does *not* apply retroactively to allow the redesignation, dismissal, or

11

striking of a sentence enhancement imposed in a pre-Act final judgment based on an underlying felony conviction subsequently redesignated a misdemeanor under section 1170.18, we need not, and do not, rely on evidence of voter intent to construe section 1170.18's language. In any event, even were we to consider such evidence, Carrea does not cite any evidence showing the voters intended any provisions of the Act, including section 1170.18, to apply retroactively to allow the type of relief he seeks in this case. Rather, the evidence of voter intent supports, at most, prospective application of the Act to preclude future or nonfinal sentence enhancements based on a prior felony conviction redesignated as a misdemeanor under section 1170.18. If, as Carrea asserts, the voters had intended the Act's provisions to apply retroactively to allow the redesignation, dismissal, or striking of a sentence enhancement imposed in a pre-Act final judgment based on an underlying felony conviction subsequently redesignated as a misdemeanor under section 1170.18, we presume the Act would have expressly so provided.

D

*Section 1170.18, subdivision* (*n*). Carrea contends the trial court erred by concluding section 1170.18, subdivision (n), precludes the relief he seeks in this case. That subdivision states: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." (§ 1170.18, subd. (n).) Contrary to Carrea's assertion, section 1170.18, subdivision (n), supports the trial court's, and our, conclusion that the Act does not provide for the retroactive relief he seeks. The 2013 judgment, which imposed the section 667.5, subdivision (b), enhancement based on his 2004 felony convictions that in 2015 were

12

redesignated as misdemeanors, became final before the Act became effective. (*People v. Christopher, supra,* D063357.) To construe section 1170.18 or other provisions of the Act as allowing the relief he seeks (i.e., dismissal or striking of that 2013 enhancement) when its express language, construed broadly to accomplish the Act's purposes, does not provide for such relief would "diminish or abrogate the finality of" the 2013 judgment in contravention of section 1170.18, subdivision (n). Accordingly, that subdivision supports the trial court's order denying his motion.

E

*Estrada*. Carrea contends *Estrada*, *supra*, 63 Cal.2d 740 requires the Act's provisions to be applied retroactively to allow him to move for, and obtain, dismissal or striking of the 2013 prior prison enhancement based on his 2004 felony convictions redesignated in 2015 as misdemeanors.

*Estrada* established an exception to the general rule, codified in section 3, that no part of the Penal Code is retroactive unless expressly so declared, stating: "[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*Estrada*, *supra*, 63 Cal.2d at p. 748; see *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195.) "*Estrada* represents 'an important, contextually specific qualification to the ordinary presumption that statutes operate prospectively: When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are *not yet final* on the statute's operative

13

date.' " (*Hajek and Vo*, at pp. 1195-1196, italics added.) For purposes of the *Estrada* rule, a judgment is not final so long as courts may provide a remedy on direct review. (*In re Pine* (1977) 66 Cal.App.3d 593, 594.) Alternatively stated, *Estrada* did not weaken the general rule that criminal statutes operative prospectively, but instead " 'articulat[ed] the reasonable presumption that a legislative act mitigating the punishment for a particular criminal offense is intended to apply to *all nonfinal judgments*. [Citation.]' " (*Hajek and Vo*, at p. 1196, italics added.)

Carrea has not cited, and we have not found, anything in the record showing the 2013 judgment imposing the challenged section 667.5, subdivision (b), enhancement did not become final until after the effective date of the Act.[4] On the contrary, the 2013 judgment became final on April 30, 2014. (*People v. Christopher, supra,* D063357, review denied April 30, 2014.) Furthermore, Carrea has not cited, and we are unaware of, any language in the Act, express or implicit, indicating it was the voters' intent that the Act's provisions apply retroactively to allow, or require, the relief he seeks. Accordingly, he has not shown the *Estrada* rule applies to allow, or require, the retroactive relief under the Act that he seeks (i.e., dismissal or striking of the 2013 prior prison enhancement based on his 2004 felony convictions redesignated in 2015 as misdemeanors).

---

4     Likewise, there is nothing in the record showing the 2004 judgment convicting Carrea of the section 484 and section 459 offenses did not become final until after the effective date of the Act.

V

*Equal Protection Clause*

Carrea contends the trial court's denial of his motion for relief violated the equal protection clause of the 14th Amendment to the United States Constitution.

A

The equal protection clause generally provides that no person or class of persons shall be denied the same protection of the laws enjoyed by other persons or other classes of persons in like circumstances in their lives, liberty, and property and in their pursuit of happiness. (*People v. Wutzke* (2002) 28 Cal.4th 923, 943.) To establish a violation of the equal protection clause, an appellant must first show the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. (*In re Eric J.* (1979) 25 Cal.3d 522, 530.) The test is not whether the groups are similarly situated for all purposes, but for purposes of the law challenged. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) If that showing is made, a challenged law is then reviewed based on a level of scrutiny that depends on the nature of the distinctions the law makes. A law that creates a suspect classification or impinges on the exercise of a fundamental right is subject to strict scrutiny and will be upheld only if it is necessary to further a compelling state interest. (*People v. Silva* (1994) 27 Cal.App.4th 1160, 1167.) All other laws will be upheld if they bear a rational relationship to a legitimate state purpose. (*Ibid.*)

B

Carrea argues there are two similarly situated groups that would be treated differently if the trial court's order were upheld. Defendants who have yet to be

15

sentenced and have a prison prior where their underlying convictions have been reduced from felonies to misdemeanors under the Act are similarly situated to defendants, such as Carrea, who are currently serving a prison sentence pursuant to a final judgment imposing a prison prior enhancement based on a felony conviction subsequently redesignated as a misdemeanor under section 1170.18. He argues that under the trial court's order the defendants in the first class would be treated more favorably than those in the second class because the prison prior convictions of defendants in the first class, unlike those in the second class, could not be used to enhance their sentences. He argues there is no rational basis on which that differential treatment of the similarly situated classes can be justified. He argues the only difference between the two classes is whether or not their sentences became final before the effective date of the Act.

We are not persuaded the trial court's order has the effect of violating Carrea's right to equal protection of the laws. "A refusal to apply a statute retroactively does not violate the Fourteenth Amendment." (*People v. Aranda* (1965) 63 Cal.2d 518, 532.) The California Supreme Court has rejected claims that the equal protection clause is violated where classes of criminal defendants are treated differently based on the effective date of a statute lessening the punishment for a particular offense. (*People v. Floyd, supra,* 31 Cal.4th at pp. 188, 191.) Likewise, the United States Supreme Court stated: "[The Fourteenth] Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." (*Sperry & Hutchinson Co. v. Rhodes* (1911) 220 U.S. 502, 505.) Furthermore, because prospective sentencing changes based on an effective date presumably recognize

16

"legitimate . . . concerns associated with the transition from one sentencing scheme to another" (*Floyd*, at p. 191), the application of the Act only prospectively bears a rational relationship to the legitimate state interest of transitioning from the prior sentencing scheme to the Act's sentencing scheme.  We conclude Carrea has not carried his burden on appeal to show his right to equal protection is violated based on the more favorable treatment of defendants who were not sentenced before the effective date of the Act and those defendants, such as Carrea, who were.  (Cf. *Floyd*, at p. 191.)

DISPOSITION

The order is affirmed.


McDONALD, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.