Filed 4/27/16  P. v. Mincks CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063345 |
| v. | (Super.Ct.No. FVA1201139) |
| RICHARD LEE MINCKS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Scott C. Taylor and Daniel Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

On March 8, 2013, defendant and appellant Richard Lee Mincks pleaded guilty to two felony counts, and admitted three prior prison terms. Defendant was sentenced to six years in prison.

Two of the felony convictions that served as the basis for the prior prison term enhancements were subsequently reduced to misdemeanors pursuant to The Safe Neighborhoods and Schools Act, enacted by the voters as Proposition 47 in the November 2014 election. Defendant filed a petition for resentencing in the trial court, requesting that two of the prior prison term enhancements be stricken, and that his sentence in the current matter be reduced by two years. The trial court denied the motion. For the reasons stated below, we affirm the trial court's ruling.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On March 8, 2013, pursuant to a plea agreement, defendant pleaded guilty to one count of grand theft auto (Pen. Code, § 487(d)(1)) and one count of evading an officer (Veh. Code, § 2800.2, subd. (a)), and he admitted three prior prison terms (Pen. Code, § 667.5, subd. (b)). The trial court sentenced defendant to six years in prison, including one year terms for each of the three prior prison term enhancements.

On February 18, 2015, defendant petitioned to have two of the felony convictions underlying the prior prison term enhancements—both convictions for possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a), one from 2009 and one from 2011—designated as misdemeanors pursuant to Penal

---

[1] The facts underlying defendant's various convictions are not relevant to matters at issue in this appeal, so they will not be discussed.

2

Code section 1170.18, subdivision (f), added by Proposition 47.  The trial court granted the petition.

On February 23, 2015, defendant petitioned for resentencing in the current matter, arguing that two of the prior prison term enhancements should be stricken, and his sentence reduced by two years, because the underlying felony convictions had been reduced to misdemeanors.  The trial court denied the motion.

## II.  DISCUSSION

Defendant contends that the trial court erred by failing to strike the sentences for prior prison term enhancements, because the underlying felony convictions had been designated as misdemeanors pursuant to Proposition 47.  We find no error.

The "emerging consensus" among California appellate courts is that Proposition 47 does not apply retroactively.  (*People v. Williams* (2016) 245 Cal.App.4th 458, 470 (*Williams*).)  On this view, a felony conviction that has been redesignated a misdemeanor pursuant to Proposition 47 must be treated as a misdemeanor "for all purposes" (with specified exceptions) from the date of the redesignation forward.  (Pen. Code, § 1170.18, subd. (k).)  Nevertheless, Proposition 47 "does *not* apply retroactively to allow the redesignation, dismissal, or striking of a sentence enhancement imposed in a [pre-Proposition 47] final judgment based on an underlying felony conviction subsequently redesignated a misdemeanor under [Penal Code] section 1170.18" (*People v. Carrea* (2016) 244 Cal.App.4th 966, 977 (*Carrea*).)

Defendant has presented no persuasive reason why we should find differently. (See *People v. Gipson* (2013) 213 Cal.App.4th 1523, 1529 [in the absence of "good

3

reason to disagree," we "typically follow the decisions of other appellate districts or divisions"].) For the reasons expressed in the existing appellate authority on the issue, including *Williams* and *Carrea*, we find that the trial court properly denied defendants petition for resentencing.[2]

### III. DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

          HOLLENHORST
                    J.

We concur:

    RAMIREZ
            P. J.

    MCKINSTER
            J.

---

[2] Defendant's pending petition for writ of habeas corpus (case No. E065073), raising the same issues as this appeal, will be resolved by separate order.