Filed 5/4/16  P. v. Jones CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIE LEE JONES,<br><br>    Defendant and Appellant. | B266551<br><br>(Los Angeles County<br>Super. Ct. No. MA056827) |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher Estes, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

On May 31, 2013, a jury convicted Willie Lee Jones (Jones) of transportation/sale of a controlled substance in violation of Health and Safety Code section 11352, subdivision (a), and possession for sale of cocaine base, in violation of Health and Safety Code section 11351.5. Jones admitted to five prior prison term allegations under Penal Code section 667.5, subdivision (b).[1] On June 14, 2013, the trial court struck one of the five allegations, and sentenced Jones to nine years in state prison, consisting of the upper term of five years for the transportation/sale count, and one year for each of the four remaining prior prison terms.

On July 20, 2015, Jones filed a motion for resentencing (motion) asking the trial court to strike one of the four prior prison term enhancements, case No. PA052585, in which Jones had been convicted in 2005 of felony possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). Jones represented that in April 2015, the Los Angeles Superior Court had redesignated his felony conviction in case no. PA052585 to a misdemeanor pursuant to Proposition 47 (§ 1170.18, subd. (a)). As that conviction was no longer a felony, Jones argued it could not serve as the basis for a one-year prior prison term enhancement, and the trial court therefore should reduce his sentence by one year. In opposition, the People argued that the reduction to a misdemeanor did not affect the enhancement, as section 667.5, subdivision (b) was premised on the prior prison term and punished recidivism, rather than the nature of the prior conviction.

At the hearing on Jones's motion, Jones's counsel argued that once the prior felony conviction had been reduced to a misdemeanor, it was "a misdemeanor for all purposes," which included the purpose of imposing the one-year prior prison term enhancement ("Mr. Jones went to prison on a misdemeanor. That condition precedent of the felony conviction ceases to exist"). The district attorney rejoined that the "one-year prior . . . was a felony at the time that the defendant was sentenced to that additional time in prison." Noting that no published opinions then dealt with the issue, the court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

concluded: "The fact that the underlying offense resulting in that prior prison term, the [section] 667.5[, subdivision] (b), is now a misdemeanor under Prop. 47, it's the court position that does not change the validity of the enhancement, because the [section] 667.5[, subdivision] (b) is addressing, not the underlying conduct, but it's addressing an accounting for recidivist conduct. [¶] And at the time of the sentencing, it was a valid [section] 667.5[, subdivision] (b) prior. The underlying conviction that we're addressing was a felony conviction at the time . . . . [¶] . . . [T]he court does not see anything in the language of Prop. 47 that would intend to nullify the [section] 667.5 recidivist enhancements." The trial court denied Jones's motion on August 21, 2015, and he filed this timely appeal.

Proposition 47, enacted by the voters in November 2014, added section 1170.18, which provides in subdivision (a): "A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Section[] 11350 . . . of the Health and Safety Code . . . ." Jones's earlier conviction under section 11350 is one of "certain drug- and theft-related offenses . . . [that] had previously been designated as . . . felonies." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Under Proposition 47, possession of a controlled substance is now punishable as a misdemeanor with exceptions inapplicable here. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108–1109.)

Any felony conviction which, like Jones's 2005 conviction in case No. PA052585, "is recalled and resentenced . . . shall be considered a misdemeanor for all purposes." (§ 1170.18, subd. (k).) Jones argues that all purposes means the reduction of his 2005 conviction to a misdemeanor in 2015 applies retroactively to his 2013 sentence, and requires the court to strike the prior prison term enhancement. All the cases considering this issue have concluded to the contrary. Section 1170.18 "does *not* create a mechanism for obtaining a resentencing on a felony not affected by Proposition 47 just because an offense underlying one of its enhancements is so affected." (*People v. Williams* (2016)

3

245 Cal.App.4th 458, 466; *People v. Ruff* (2016) 244 Cal.App.4th 935, 943; *People v. Carrea* (2016) 244 Cal.App.4th 966, 974.) "'Sentence enhancements for prior prison terms are based *on the defendant's status as a recidivist*, *and not on the underlying criminal conduct*, or the act or omission, giving rise to the current conviction.'" (*Ruff*, at pp. 945–946.) Proposition 47 was not intended "to reach back to ancillary consequences such as enhancements resulting from recidivism considered serious enough to warrant additional punishment," and section 1170.18 applies prospectively only. (*Id.* at p. 946; *Williams*, at p. 466; *Carrea*, at pp. 973–974.) Jones's reduction of his 2005 conviction to a misdemeanor under Proposition 47, obtained in 2015, does not apply retrospectively to require the trial court to strike the one-year prior prison term enhancement the court imposed in 2013.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


CHANEY, J.

4