Filed 8/9/16  P. v. Stout CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079411 |
| v. | (Super. Ct. No. MCYKCRBF111664) |
| DOUGLAS JEREMIAH STOUT, | |
| Defendant and Appellant. | |

Defendant Douglas Jeremiah Stout appeals from the trial court's order denying his Penal Code section 1170.18[1] petition for resentencing on a prior prison term.  He contends that when the prior felony conviction that forms the basis of the prison prior is reduced to a misdemeanor, the enhancement is then invalid.  We conclude section 1170.18 does not apply retroactively to invalidate a previously imposed enhancement when the conviction that supported the enhancement is later reduced to a misdemeanor.  We affirm the trial court's order.

_____

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND[2]

In 2012, following a jury trial, defendant was convicted of felony evading an officer (Veh. Code, § 2800.2, subd. (a)) and unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) along with five prior prison term enhancements (§ 667.5, subd. (b)). One of the prior prison term enhancements was based on a 2006 conviction for possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) in Shasta County. Defendant was sentenced to serve an eight-year four-month prison term.

Defendant subsequently filed a section 1170.18 petition in Shasta County Superior Court to designate the possession prior a misdemeanor, which the court granted. He then filed a section 1170.18 petition in this case, asking the court to resentence him on the prior prison term that was based on the 2006 possession conviction. The trial court denied the petition.

DISCUSSION

Defendant contends he is entitled to resentencing on the prior prison term enhancement based on the possession of a controlled substance because that possession conviction was designated a misdemeanor by the Shasta County Superior Court pursuant to Proposition 47.[3] We disagree.

Proposition 47, the Safe Neighborhoods and Schools Act (the Act) that was enacted three days before the second sentencing hearing, requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen.

---

[2]   We dispense with the facts of defendant's crimes as they are unnecessary to resolve this appeal.

[3]   This issue is currently before the California Supreme Court. (See, e.g., *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted March 30, 2016, S232900; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted April 27, 2016, S233011.)

2

Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subds. (3), (4) & (5) p. 70.)  Among the affected crimes are the possession of a controlled substance offenses that are now misdemeanors barring certain exceptions not relevant here.  (See Health & Saf. Code, §§ 11350, 11357, 11377.)  Since the prior prison term enhancement requires that defendant be convicted of a felony and have served a prison term for that conviction (§ 667.5, subd. (b)), this raises the question of whether a prior prison term enhancement based on what is now a misdemeanor conviction survives the Act.

We begin by noting section 1170.18 does not apply retroactively.  Subdivision (k) was interpreted in the context of felony jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085 (*Rivera*).  The Court of Appeal in *Rivera* addressed whether the Act deprived it of jurisdiction in a case where a felony conviction was later designated a misdemeanor under the Act or where the defendant was resentenced as a misdemeanor under the Act.  (*Rivera*, at p. 1089.)  *Rivera* found subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[4] should be interpreted in the same way as being prospective, from that point on, and not retroactive.  (*Rivera*, at p. 1100; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler:  "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect"].)  The court in *Rivera* accordingly concluded the felony status of an offense charged as a felony did not change after the Act was passed, thereby

---

[4]     Section 17, subdivision (b), states in pertinent part:  "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."

conferring jurisdiction on the Court of Appeal.**5** (*Rivera*, at pp. 1094-1095, 1099-1101.) We see no reason to depart from *Rivera*. Although *Rivera* addressed subdivision (k) in a different context, its analysis of subdivision (k) is equally relevant here.

Defendant relies primarily on *People v. Park* (2013) 56 Cal.4th 782 (*Park*) and *People v. Flores* (1979) 92 Cal.App.3d 461 (*Flores*). As we explain, both cases are inapposite. In *Park*, the Supreme Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b), could not subsequently be used to support an enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Applying the reduction to eliminate an enhancement would be a retroactive application, which is impermissible under both section 17 and the Act. Although *Park* concerns a different situation, it is instructive because it recognized the distinction between retroactive and prospective application. "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he [or she] committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, at p. 802.) Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General. "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent

---

**5** *Rivera* also noted the absence of any evidence the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*Rivera,* at p. 1100 ["Nothing in the text of Proposition 47 or the ballot materials for Proposition 47--including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47--contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction"].)

serious felony offense." (*Park*, at pp. 799-800.) In the case before us, defendant committed his current felonies before his prior conviction could be reduced to a misdemeanor. Applying that reduction to eliminate the corresponding prior prison term enhancement would therefore be an impermissible retroactive application of the Act.

The defendant in *Flores* was sentenced to prison following his conviction of selling heroin (Health & Saf. Code, § 11352), and his state prison sentence for that crime was enhanced by one year under section 667.5, subdivision (b). (*Flores, supra*, 92 Cal.App.3d at pp. 464, 470.) The enhancement was based on a prior felony conviction of possession of marijuana under Health and Safety Code section 11357. (*Flores*, at p. 470.) That statute had since been amended in 1975 to make possession of marijuana a misdemeanor. (*Id.* at p. 471.)

The *Flores* court noted that in 1976, the Legislature enacted Health and Safety Code section 11361.5, subdivision (b), which "authorize[d] the superior court, on petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976." (*Flores, supra*, 92 Cal.App.3d at p. 471.) Also in 1976, Health and Safety Code section 11361.7 "was added to provide in pertinent part that: '(a) Any record subject to destruction . . . pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, *shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person . . . .* (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 . . . on or

5

after the date the records . . . are required to be destroyed . . . or two years from the date of such conviction . . . with respect to . . . convictions occurring prior to January 1, 1976.' " (*Flores*, at pp. 471-472.)  Based on these amendments, the court concluded that "the Legislature intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions," such as the prior prison term enhancement.  (*Id.* at p. 472.)

*Flores* is inapposite because there is no similar declaration of legislative intent for full retroactivity either in the Act generally or section 1170.18 in particular.  If the Act's drafters wanted to invalidate prior prison term allegations because the underlying felony was now a misdemeanor, they could have included legislative language such as that discussed in *Flores*.  They did not.

We conclude section 1170.18 does not retroactively invalidate a previously imposed enhancement when the conviction that supported the enhancement is later reduced to a misdemeanor.

DISPOSITION

The judgment (order denying defendant's petition) is affirmed.


/s/

HOCH, J.

We concur:


/s/

MAURO, Acting P. J.


/s/

MURRAY, J.

6