Filed 8/16/16  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C078758 |
| Plaintiff and Appellant, | (Super. Ct. No. SF127088A) |
| v. | |
| EMILY ANNE SMITH, | |
| Defendant and Respondent. | |

Defendant Emily Anne Smith was sentenced to a term of two years in county jail and two years of mandatory supervision following her conviction for receiving a stolen vehicle (Pen. Code, § 469d, subd. (a))[1] with a prior prison term (§ 667.5, subd. (b)). Almost five months after the imposition of sentence, defense counsel moved to strike the prior prison term, which the trial court granted.

---

[1]     Undesignated statutory references are to the Penal Code.

1

The People appeal, contending the trial court's order was an erroneous application of the resentencing provisions of Proposition 47. (§ 1170.18.) Defendant claims the appeal should be dismissed because the People failed to establish statutory grounds for the appeal. Defendant also contends the Attorney General failed to establish the trial court erred, and the trial court's order was a proper exercise of its authority to modify sentences subject to mandatory supervision. Agreeing with the People, we reverse the trial court's order.

## BACKGROUND

We omit the facts of defendant's crime as they are unnecessary to resolve this appeal.

On July 6, 2010, defendant pleaded guilty to second degree burglary of an automobile (§ 459) and was placed on probation in case No. MF033004A. Probation was revoked on April 20, 2011, and on April 25, 2011, the trial court sentenced defendant to a two-year state prison term.

On April 25, 2011, defendant pleaded guilty to felony forgery (§ 470, subd. (d)) in case No. SF117376A. The trial court sentenced defendant to a two-year term, to run concurrently with the term in case No. MF033004A.

On June 16, 2014, defendant pleaded no contest to receiving a stolen vehicle and admitted a prior prison term in the present case. The information alleged that the burglary of an automobile conviction in case No. MF033004A was the basis of the prison prior allegation. At the plea colloquy, defendant admitted the prior based on the second degree burglary conviction. On October 21, 2014, the trial court sentenced defendant to a four-year term, to be split between two years in county jail and two years of mandatory supervision.

On January 30, 2015, defendant filed a section 1170.18 petition for resentencing as to the forgery conviction in case No. SF117376A. The trial court granted the petition and reduced the crime to a misdemeanor on February 27, 2015.

2

On March 3, 2015, the People filed in the trial court an opposition to defendant's attempt to have the prior prison term enhancement stricken pursuant to section 1170.18. At the hearing that day, the trial court indicated it had not yet read the motion, and this was a "slightly different issue than the other one, maybe a little bit," before continuing the matter for a week. The record contains no written section 1170.18 petition regarding the prison prior. At a hearing on March 10, 2015, the trial court stated that it had read the prosecution's opposition, and told defense counsel, "I guess you didn't file anything?" Counsel replied, "No. We're just requesting the Court to consider striking the prison prior."

The trial court then stated:

"You know, one of the things that occurred to me when I was -- about these prison priors, about priors in general, is when I was practicing, I pled [*sic*] an awful lot of people to residential burglaries, and then some time later, the nature of that conviction changed dramatically. And it changed to the detriment of the defendant, because they became strikes and had doubled terms and higher percentages and so on. And those people were stuck with the second interpretation of the prior.

"Same thing with DUI's. For an awful long time you can get any number of DUI's, and they would never be a felony, and the people that have many DUI's in the past, didn't matter that when they plead [*sic*] they didn't know the consequences was going to be and it was to their detriment.

"This is kind of a reverse of that. . . . This is where somebody plead [*sic*] to this, the people didn't know that maybe the nature of those priors was going to be different but there are and it seems to me that what's good for the goose is good for the gander as well, and if the people of this State in their lack of reading of a statute I think more than anything else -- ."

Defense counsel interjected, "Or infinite wisdom," to which the trial court replied, "Or, have it your way, if they intended this to be a misdemeanor, then I think that for all

3

purposes it's a misdemeanor, and this is one of those purposes and so I'm going to strike the priors."

The trial court invited the prosecutor to "writ that because there is no law in this and it really is it [*sic*] can go either way." It then struck the prison prior and resentenced defendant to a three-year term, consisting of one year in county jail and two years of mandatory supervision. The clerk's minutes for the hearing contains the handwritten statement: "motion for resentencing to a misdemeanor pursuant to section 1170.18 is granted," with the statement crossed out. Just below that on the minutes is the handwritten statement: "court orders strike to be stricken."

DISCUSSION

I

In the opening brief, the Attorney General claims the order is appealable pursuant to "section 1238, subdivision (1)." The Attorney General supported this point with a citation to *Teal v. Superior Court* (2014) 60 Cal.4th 595, 598-601 (*Teal*).

Defendant says there is no subdivision (1) of section 1238. She also says section 1238, subdivision (a)(1) authorizes the People to appeal only from " '[a]n order setting aside all or any portion of the indictment, information, or complaint,' " and subdivision (a)(10) applies only to appeals from the "imposition of an unlawful sentence." She claims *Teal* is inapplicable because that case interpreted the provision governing a defendant's right to appeal in criminal matters, section 1237 (see *Teal, supra*, 60 Cal.4th at p. 601), and asks us to dismiss the appeal.

In the reply brief, the Attorney General clarifies her approach. She now claims the trial court's order is appealable under section 1238, subdivisions (a)(5) and (6).

The People have the right to appeal from "[a]n order made after judgment, affecting the substantial rights of the people." (§ 1238, subd. (a)(5).) In *Teal*, the Supreme Court held an order denying a defendant's petition for resentencing pursuant to

4

section 1170.126 was appealable under section 1237, subdivision (b) as an order after judgment affecting the defendant's substantial rights. (*Teal, supra*, 60 Cal.4th at p. 601.)

Although *Teal* involved a defendant's appeal, its reasoning applies equally to appeals by the People, who also have the statutory right to appeal an order after judgment affecting their substantial rights. As we explain in part II, *infra*, the trial court's order was based on section 1170.18. "Sections 1170.18 and 1170.126 use substantially the same language, structure, and procedure to provide for recall and resentencing of persons currently serving sentences where those persons would be subject to lighter sentences pursuant to the newly enacted voter initiatives." (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 924.) We conclude the reasoning of *Teal* applies to section 1170.18 cases, thereby authorizing the People's appeal from the trial court's order granting a defendant's petition for resentencing pursuant to section 1170.18.

II

In the opening brief, the Attorney General's statement of the case asserts defendant "[a]pparently" was able to successfully petition the trial court to reduce the burglary conviction underlying the prison prior to a misdemeanor and then successfully petitioned the trial court to strike the prison prior pursuant to section 1170.18 because the underlying felony had been reduced to a misdemeanor. Based on this factual premise, the Attorney General argues this is an improper application of section 1170.18 because that provision does not affect a prior prison term enhancement even when the prior felony conviction underlying the enhancement was reduced to a misdemeanor pursuant to section 1170.18.

Defendant successfully requested this court to take judicial notice of certain superior court records in case Nos. SF117376A and MF033004A. Based on these additional records, defendant correctly points out errors in the Attorney General's factual assertions, specifically, that while an 1170.18 petition was granted as to the prior forgery conviction, no such petition was ever filed or granted as to the burglary prior, and

5

defendant did not move to strike her prison prior based on the burglary prior being reduced to a misdemeanor. Defendant additionally claims that the People failed to carry their burden of affirmatively showing the trial court erred. She asserts the trial court did not rely on section 1170.18 to strike the prison prior, but the order was instead a proper exercise of the trial court's authority under section 1170, subdivision (h)(5)(B) to modify the period of mandatory supervision.

Although the trial court could have been more explicit in stating the grounds for its ruling, an analysis of what took place below and the relevant law leads us to conclude the trial court struck the prison prior pursuant to section 1170.18, and its decision to do so was erroneous.

In order to understand what the trial court did, it is necessary to examine how a trial court can alter a sentence after the entry of judgment.

A trial court has limited authority to alter a sentence once it is executed. Once judgment is rendered, except for limited statutory exceptions, the sentencing court is without jurisdiction to vacate or modify the sentence. One such exception is section 1170, subdivision (d), which allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison. (See *Dix v. Superior Court* (1991) 53 Cal.3d 442, 464.) This exception does not authorize the trial court's action in this case, as it happened more than 120 days after judgment was rendered. In addition, section 1170, subdivision (d) applied only to state prison sentences until its recent amendment, which became effective on January 1, 2016, *after* the trial court struck the prison prior. (See Stats. 2015, ch. 378, § 2 (AB 1156).)

Contrary to defendant's contention, the fact that defendant was subject to a split term of county jail incarceration and mandatory supervision did not give the trial court additional authority to modify the sentence by striking the prison prior.

Section 1170, subdivision (h)(5)(B) provides in pertinent part:

6

"The portion of a defendant's sentenced term that is suspended pursuant to this paragraph shall be known as mandatory supervision, and, unless otherwise ordered by the court, shall commence upon release from physical custody or an alternative custody program, whichever is later. During the period of mandatory supervision, the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order. Any proceeding to revoke or modify mandatory supervision under this subparagraph shall be conducted pursuant to either subdivisions (a) and (b) of Section 1203.2 or Section 1203.3. . . ."

As pertinent here, section 1203.2 governs the conditions under which the trial court can terminate or revoke mandatory supervision. (§ 1203.2, subds. (a), (b).) Under section 1203.3, the trial court has "the authority at any time during the term of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 to revoke, modify, or change the conditions of the court's order suspending the execution of the concluding portion of the supervised person's term." (§ 1203.3, subd. (a).)

These provisions authorize "a trial court to terminate a defendant's mandatory supervision prior to the conclusion of the period of supervision initially ordered by the court." (*People v. Camp* (2015) 233 Cal.App.4th 461, 474.) However, this does not give the trial court any additional authority to modify the sentence by striking an enhancement. "If the court does reserve jurisdiction to adjust the circumstances of release, such authority undoubtedly does not include the right to change the length of the original sentence. Once made, that is a sentencing decision that cannot be changed unless the court has the authority to recall the sentence under authority similar to section 1170(d)." (See Couzens & Bigelow, Felony Sentencing After Realignment (May 2016)

p. 16, at <http://www.courts.ca.gov/partners/documents/felony_sentencing.pdf > [as of Aug. 16, 2016].)  Therefore, the trial court's order striking the prison prior could not be authorized by section 1170, subdivision (h)(5)(B).[2]

Section 1770.18 gives a trial court authority to modify a sentence more than 120 days after judgment is rendered similar to section 1170, subdivision (d).  The passage of Proposition 47, the Safe Neighborhoods and Schools Act (the Act), created section 1170.18, which provides in pertinent part:  "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."  (§ 1170.18, subd. (a).)

The prior prison term enhancement requires a defendant to be convicted of a felony and to have served a prison term for that conviction.  (§ 667.5, subd. (b).)  A felony reduced to a misdemeanor under section 1170.18, "shall be considered a misdemeanor for all purposes, except that such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6."  (§ 1170.18, subd. (k).)  Whether the "for all purposes" language of subdivision (k) authorizes a trial court to strike a prison prior after the felony underlying the prior is

---

**2**     The modified sentence imposed by the trial court, one year in county jail and two years on mandatory supervision, is also inconsistent with an exercise of the court's power to terminate mandatory supervision, since the court's order reduced the term of incarceration but left unchanged the term of mandatory supervision.

8

reduced to a misdemeanor pursuant to section 1170.18 is an open question that is currently before the California Supreme Court. (See, e.g., *People v. Valenzuela* (2016) 244 Cal.App.4th 692, review granted Mar. 30, 2016, S232900; *People v. Carrea* (2016) 244 Cal.App.4th 966, review granted Apr. 27, 2016, S233011.) We express no view on whether the trial court, pending the Supreme Court's resolution of the issue in *Valenzuela*, may have been authorized to strike the prison prior, had the felony second degree burglary conviction on which it was grounded been reduced previously to a misdemeanor pursuant to section 1170.18,

The actions of the trial court, defense counsel, and prosecutor are consistent with characterizing the trial court's order as an exercise of the authority to modify a sentence pursuant to section 1170.18.

Four days after the trial court granted defendant's section 1170.18 petition to reduce the forgery conviction to a misdemeanor, the prosecutor filed the written opposition to an anticipated section 1170.18 petition to strike the prison prior. Upon receiving the opposition, the trial court indicated it raised a "slightly different issue than the other one" and continued the matter for a week. The trial court's response here is particularly telling. It indicates the trial court thought defendant would be filing another section 1170.18 petition, this time attacking the prison prior, a "slightly different issue" that the trial court continued for a week.

The hearing on defendant's request to strike the prison prior affirms section 1170.18 as the authority invoked by both defendant and the trial court. The trial court did not state or otherwise indicate the prosecution's opposition was addressing an issue not before the court. Its statement regarding the court's experience as a practitioner with changes in the law making priors more onerous for criminal defendants, and the matter before it was "kind of a reverse of that" is consistent with a proceeding under Proposition 47 and section 1170.18, under which certain felony convictions can become less onerous to defendants by being reduced to misdemeanors. The court's statement regarding

9

"people of this State in their lack of reading of a statute," and defense counsel's response, "[o]r infinite wisdom," refer to legislative action by the voters rather than the Legislature," which could only refer to Proposition 47 in this context. Any remaining doubt is eliminated by the trial court's statement, "Or, have it your way, if they intended this to be a misdemeanor, then I think that for all purposes it's a misdemeanor, and this is one of those purposes and so I'm going to strike the priors." The phrase "then I think for all purposes that it's a misdemeanor," can only refer to invoking section 1170.18, subdivision (k) to strike the prison prior. While defendant did not explicitly state the grounds for her request, and the trial court likewise provided no explicit reason for its ruling, there is no doubt that section 1170.18 was the authority invoked by defendant and relied on by the trial court.

No matter what the Supreme Court eventually decides in *Valenzuela*, section 1170.18 could not authorize striking the prison prior in this case. As already noted, defendant's prison prior was based on her prior conviction and prison sentence for second degree burglary of an automobile. That conviction was not, and cannot be reduced to a misdemeanor because only certain second degree commercial burglaries are subject to section 1170.18 resentencing. (See §§ 1170.18, subd. (a), 459.5.) The fact defendant successfully petitioned the trial court to reduce her prior forgery conviction to a misdemeanor is irrelevant to the court's authority to strike the prison prior, since the prison prior is based on a still valid felony conviction for burglary.

As there is no authority for the trial court's order,[3] we reverse it.[4]

---

[3] While a trial court also can modify a sentence in a habeas corpus proceeding, that cannot authorize the trial court's action here, as no habeas petition was filed in the trial court and, in any event, there is no reason for the trial court to strike the prison prior on habeas.

[4] The Attorney General's factual errors in the opening brief do not forfeit the contention on appeal. The errors were not based on mistaken or omitted citations to the

10

The trial court's order striking the prior prison term enhancement (§ 667.5, subd. (b)) is reversed.  The trial court is directed to enter an order reinstating the enhancement and modifying defendant's sentence to the originally imposed four-year split term.  The trial court is further directed to prepare an abstracted judgment reflecting the new sentence and to forward a certified copy of it to the relevant authorities.

                                                      NICHOLSON     , J.

We concur:

     BLEASE        , Acting P. J.

     MAURO         , J.

---

record, but were revealed as mistaken only after we gave judicial notice as to trial court records that were not in the appellate record.  The mistakes would have been more readily avoided had defendant's trial counsel and the trial court given explicit authority for defendant's request and the trial court's ruling on it.  Moreover, by handling the matter informally and verbally, the trial court and defendant's trial counsel were not helpful to our review of this matter.

We also find that the Attorney General's contention is not forfeited by failing to raise the matter in the opening brief.  (See *People v. Baniqued* (2000) 85 Cal.App.4th 13, 29 ["a point raised for the first time [in the reply] is deemed waived and will not be considered, unless good reason is shown for failure to present it before"].)  The Attorney General's basic contention in the opening brief, that the trial court's order was an incorrect application of section 1170.18 was correct and is the premise behind our ruling in this case.  As with the factual errors in the opening brief, any omitted or improperly premised arguments in the opening brief were based on matters outside the record and the trial court's casual handling and failure to give an explicit justification for its ruling.  In any event, because the trial court's ruling rendered an unauthorized sentence, the Attorney General's claim is not subject to forfeiture.  (See *People v. Crittle* (2007) 154 Cal.App.4th 368, 371.)