Filed 6/2/16 P. v. Walker CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B265609 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA398731) |
| v. | |
| MAURICE B. WALKER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. William N. Sterling, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Maurice B. Walker appeals from a postjudgment order denying his motion to dismiss the one-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b) (§ 667.5(b)),[1] associated with Los Angeles County Superior Court case No. (LASC No.) BA217734, pursuant to section 1170.18, added by Proposition 47.[2] He contends this prior prison term enhancement could not be imposed, because his underlying felony conviction had been reduced to a misdemeanor and his "right to due process of law also requires the one-year sentence for [that] prior prison enhancement to be vacated." Additionally, he contends the prior prison term enhancement associated with his felony

---

[1] All further section references are to the Penal Code, unless otherwise specified.

[2] Proposition 47 was an initiative measure approved by the voters (Gen. Elec. Nov. 4, 2014) and took effect on November 5, 2014 (see Cal. Const., art. II, § 10 [initiative statute "takes effect the day after the election unless the measure provides otherwise"]). "The initiative: added Government Code chapter 33 of division 7 of title 1 (§ 7599 et seq., the Safe Neighborhoods and Schools Fund); added sections 459.5, 490.2 and 1170.18 to the Penal Code; amended sections 473, 476a, 496 and 666 of the Penal Code; and amended Health and Safety Code sections 11350, 11357 and 11377. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The electorate's stated purpose and intent was to '(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools, . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections.' (Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70.)" (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308.)

2

conviction in LASC No. YA008393 should be vacated, because in this case that conviction also was used to impose the five-year serious felony enhancement (§ 667, subd. (a)).

We affirm the postjudgment order. Appellant's contentions regarding the one-year prior prison term associated with LASC No. BA217734 (BA217734 prior prison term enhancement) are not meritorious. The one-year prior prison term enhancement (§ 667.5(b)) is "an enhancement available for 'any felony' if *the felon served time in prison for 'any felony'* and showed an inability to reform."[3] (*People v. Jones* (1993) 5 Cal.4th 1142, 1150, italics added.) The service of a prison term component of this enhancement is thus tied directly to the felon's conviction of a felony. That, subsequent to such service, the felony conviction is reclassified as a misdemeanor does not, without more, alter this determinative factor that the time served in prison was for a felony. And there is nothing more. Proposition 47 is not retroactive. That Proposition 47 deems a particular felony conviction "a misdemeanor for all purposes" (§ 1170.18, subd. (k))[4] therefore does not signify that such misdemeanor designation relates, or reaches, back to substitute, as a misdemeanor, the felony status of the time already served that underlies a one-year prior prison term enhancement (§ 667.5(b)). On this appeal, we decline to

---

[3] In relevant part, section 667.5(b) provides, "[W]here the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail under subdivision (h) of Section 1170 is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term or county jail term imposed under subdivision (h) of Section 1170 or when sentence is not suspended for any felony; provided that no additional term shall be imposed under this subdivision . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody or the imposition of a term of jail custody imposed under subdivision (h) of Section 1170 or any felony sentence that is not suspended."

[4] The express exception to this "all purposes" rule is "such resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm or present his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." (§ 1170.18, subd. (k).)

address the merits of appellant's claim of error regarding the one-year prior prison term enhancement associated with LASC No. VA008393 (VA008393 prior prison term enhancement) without prejudice to appellant filing a petition for a writ of habeas corpus.

BACKGROUND

The jury convicted appellant of assault with a deadly weapon (§ 245, subd. (a)(1); count 1); battery (§ 242; count 2) and elder abuse (§ 368, subd. (b)(1); count 3) and made these findings:  In committing the count 3 offense, appellant personally used a deadly weapon (§ 12022, subd. (b)(1)) and in committing the count 1 and 3 offenses, he personally inflicted great bodily injury (GBI) on the victim age 70 or older (§ 12022.7, subds. (a) & (c)).  Following a court trial, the court found true appellant had suffered a prior serious felony conviction (§ 667, subd. (a)) and two felony convictions that qualified as strikes under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and that he had served three prior prison terms (§ 667.5 (b)).  After dismissing one strike, the trial court sentenced appellant to prison on count 1 for a total term of 20 years, consisting of a sentence of eight years, or double the four-year upper term for the strike, plus 10 years, or five years each for the GBI and the prior serious felony enhancements, and two years, or one year for each of the prior prison term enhancements.[5]

On May 12, 2015, in LASC No. BA217734, the trial court granted appellant's petition to reduce his November 29, 2001, felony conviction (possession of a controlled

---

[5]    The above factual recitals are based on an unpublished opinion in B245405, filed February 24, 2014, in which we affirmed the judgment.  The record here reflects the trial court dismissed the third prior prison term, which is associated with Orange County Superior Court case No. 97NF1563, for the purpose of sentencing (§ 1385) and imposed two years, or one year each only for the LASC No. BA217734 and the LASC No. YA008393 prior prison term enhancements.  Additionally, the court imposed a sentence on count 3 of 13 years, or the four-year upper term, doubled for the strike, plus the five-year GBI enhancement, which sentence was stayed, and a sentence on count 2 of a concurrent term of six months in county jail.

4

substance; Health & Saf. Code, §11350, subd. (a)) to a misdemeanor pursuant to section 1170.18.

On May 20, 2015, in this case, appellant filed a motion to dismiss the LASC No. BA217734 prior prison term enhancement and reduce his sentence by one year from 20 years to 19 years, because the underlying felony conviction had been reduced to a misdemeanor and therefore the enhancement no longer could be imposed.

On June 10, 2015, the trial court granted the motion, struck the LASC No. BA217734 prior prison term enhancement, and reduced appellant's sentence from 20 years to 19 years. Later that day, the prosecution moved for reconsideration.

On June 15, 2015, the trial court granted the motion for reconsideration, denied appellant's motion, and reinstated the sentence of 20 years.

## DISCUSSION

The dispositive issue is whether reduction of a felony conviction underlying a one-year prior prison term to a misdemeanor pursuant to Proposition 47 thereby renders a nullity the one-year prior prison term enhancement based on such a felony that has become a misdemeanor conviction. The answer is no.[6] "[P]unishment may be imposed

---

[6] We note this issue is pending before our Supreme Court, which granted review in the lead case of *People v. Valenzuela* (S232900), formerly (2016) 244 Cal.App.4th 692, on March 30, 2016, and that a "grant and hold order" pending resolution of *Valenzuela* has been issued in *People v. Carrea* (S233011), formerly (2016) 244 Cal.App.4th 966, on April 27, 2016; *People v. Ruff* (S233201), formerly (2016) 244 Cal.App.4th 935, on May 11, 2016, *People v. Williams* (S233539), formerly (2016) 245 Cal.App.4th 458, also on May 11, 2016. Additionally, on May 25, 2016, review was granted regarding this issue in *People v. Louder* (B265170; S233865), an unpublished case.

under section 667.5(b) only where the defendant has been previously convicted of a felony *and* has served a prison term therefor."[7] (*People v. Coronado* (1995) 12 Cal.4th 145, 154, italics added.) In short, the requisite prison term is served for the underlying felony conviction. It is therefore of no moment that *after* the defendant has served the prison term, the underlying felony conviction is then reclassified as a misdemeanor. A contrary conclusion is not compelled by Proposition 47. Neither the plain language of the Act nor the Voter Information Guide, explicitly or implicitly, reflects any intent on the part of the electorate to embrace the one-year prior prison term enhancement within the purview of Proposition 47.

In pertinent part, Proposition 47 provides: "Any felony conviction that is recalled and resentenced . . . or designated as a misdemeanor . . . *shall be considered a misdemeanor for all purposes*." (§ 1170.18, subd. (k), italics added .) The phrase "a misdemeanor for all purposes," however, does not signify that reclassification of the felony conviction as a misdemeanor thereby transforms the felony prior prison term the defendant already has served into a term for a misdemeanor instead of a felony conviction. Further, such interpretation would offend the well-established principle that Proposition 47 is prospective, not retroactive. (See, e.g., *People v. Shabazz*, *supra*, 237 Cal.App.4th at pp. 313-314; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1100.)

We are not persuaded by appellant's attendant claim that his "right to due process of law also requires the one year sentence for the prior prison enhancement [arising from his felony conviction in BA217734] be vacated," which claim is made without citation of controlling authority. A plain reading of *Hicks v. Oklahoma* (1980) 447 U.S. 343, upon which he relies, reveals that case does not concern a claim under Proposition 47, nor does

---

**7** "Imposition of a sentence enhancement under . . . section 667.5 requires proof that the defendant: (1) was *previously* convicted of a felony; (2) was imprisoned as a result of *that conviction*; (3) *completed* that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563, italics added.)

6

Proposition 47, a statutory initiative, give rise to a right of due process, either substantive or procedural.

Lastly, appellant's remaining claim of error, which concerns the LASC No. YA008393 prior prison term enhancement, is a matter that should be addressed by way of a petition for a writ of habeas corpus rather than on appeal from a postjudgment order denying a motion to strike a prior prison term enhancement arising from a different case and after this court already has affirmed the judgment. We therefore decline to address this issue in this context without prejudice to appellant filing a petition for a writ of habeas corpus in which he makes a prima facie case that the subject one-year prior prison term (§ 667.5(b)) must be stricken, because the underlying felony conviction also was used to impose the five-year prior serious felony enhancement (§ 667, subd. (a)). (See *People v. Romero* (1994) 8 Cal.4th 728, 737-739, 743-744.)

DISPOSITION

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.


7